**WILLIAM GOLDMAN THEATRES, Inc., v. KIRKPATRICK et al., Judges (LOEW'S, Inc., et al., Interveners).**

No. 9092.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 6, 1946.
Decided Feb. 25, 1946.

William A. Gray, of Philadelphia, Pa. (Francis T. Anderson, Robert Dechert, and Barnes, Dechert, Price and Smith, all of Philadelphia, Pa., on the brief), for Goldman Theatres.

Miles W. Kirkpatrick, of Philadelphia, Pa., for respondent.

Morris Wolf, of Philadelphia, Pa. (Louis J. Goffman and George Wharton Pepper, both of Philadelphia, Pa., on the brief), for intervenors Warner Bros. Pictures et al.

William A. Schnader, of Philadelphia, Pa. (Bernard G. Segal, Joseph S. Lord, III, both of Philadelphia, Pa., and Schnader, Kenworthey, Segal & Lewis, all of Philadelphia, Pa., on the brief), for intervenors Loew's et al.

Before BIGGS and McLAUGHLIN, Circuit Judges, and LEAHY, District Judge.

BIGGS, Circuit Judge.

The petitioner seeks a writ of mandamus to compel the respondents to vacate an order entered on December 6, 1945 referring the case of William Goldman Theatres, Inc. v. Loew's Inc., Paramount Pictures, Inc., et al., 54 F.Supp. 1011 on the docket of the District Court of the United States for the Eastern District of Pennsylvania, to a special master and refusing to the petitioner a jury trial on the issue of damages. For the history of this litigation see 54 F.Supp. 1011 and 3 Cir., 150 F.2d 738. It will appear from the record in 54 F. Supp. 1011 that the plaintiff in that action, the petitioner in the instant case, did not prove at the trial the damages, if any, which it suffered by reason of the defendants' acts but left that issue for future determination if the substantial questions of law of the case were resolved in its favor. The defendants acquiesced in this course. The District Court, receiving evidence on other issues and finding that the plaintiff had failed to prove a cause of action cognizable under the anti-trust laws of the United States, gave judgment for the defendants. The court found, however, that the plaintiff had suffered loss. We reversed the judgment since we were of the opinion that the plaintiff had proved a cause of action cognizable under the anti-trust laws. We stated: "As the trial court also found, plaintiff has unquestionably suffered loss. We have no means of knowing the extent

of that loss. Perhaps, upon remand plaintiff may be able to prove its damages; or, the factors to be considered may be subject to so many unknowns that such damages may veer toward the speculative. We specifically pass no opinion on these problems. We do conclude, however, plaintiff should have judgment and the injunctive relief which it originally sought. The form of decree we leave to the Court below after it has made inquiry into the damages question." See 150 F.2d at p. 745.

The complaint in 4 F.Supp. 1011 was filed on December 8, 1942. Rule 38(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section .723c, provides that: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." The complaint shows that the suit is a civil action in which the plaintiff sought injunctive relief and damages. It was at issue no later than November 15, 1943. No demand for a jury trial of any issue, pursuant to Rule 38(b), was made by the plaintiff. Indeed on June 25, 1943 the plaintiff ordered the case on the non-jury list for trial. On November 14, 1945, after remand, the plaintiff filed a petition in the District Court praying that an order be entered " * * * specially listing this case for trial by jury." In support of this prayer the plaintiff asserted (1) that the trial by jury is the most direct and quickest way to settle disputed questions of fact and that the litigation should be concluded as expeditiously as possible, citing certain reasons therefor which will be dealt with at a later point in this opinion, and (2) that the decision of questions pertaining to the amount due for loss of prospective profits lies peculiarly within the province of a jury. On December 6, 1945, however, Judge Kirkpatrick entered an order denying the plaintiff's prayer for a special listing of the case for trial by jury and referred the case to a special master " * * * to receive and report evidence only, together with a summary thereof, with the powers and duties specified in Rule 53(c) and (d) * * *." Thereafter the petition for mandamus was filed and we issued a rule thereon, staying all proceedings in the District Court. Judge Kirkpatrick filed an answer. The defendants in the suit 54 F.Supp. 1011 were permitted to intervene in the present proceeding. They have answered also.

■ There has been argument as to whether the issue of damages requires an accounting in the sense that that term is ordinarily used. It would be fruitless to embark upon a discussion of this question for it cannot be determined in advance of the receipt of pertinent evidence. We note, however, that it is agreed that there must be a reckoning of the receipts of allegedly competing theatres. Such a reckoning would require an audit if not an accounting. This circumstance might or might not be exceptional in the sense that that adjective is employed in Rule 53(b). But any question presented as to the propriety of the order of reference has in effect become moot for in his answer Judge Kirkpatrick has stated: "The respondent understands that the defendants would prefer to have the case heard by the Court without the interposition of a special master and, if the plaintiff also still desires that (provided, of course, it is determined that * * * [it] is not entitled to a jury trial) the respondent will amend his order by striking out the reference to a special master." This position was reiterated by counsel for the learned District Judge at the argument before this court. Counsel for the intervenors has stated to us that while their clients are divided, some desiring the case to be heard by the court without the interposition of a master, others taking a contrary view, none of them takes any strong position on the question. We think that it would be appropriate for the court below to vacate that portion of the order complained of which referred the case to a master and without the interposition of a master itself to receive the evidence and determine the issue of damages. In view of our suggestion and the attitude of the learned District Judge as well as that of the parties to the proceeding, we conclude that this phase of the case at bar properly may be treated as if moot.

■ We come therefore to the second question, whether Judge Kirkpatrick's refusal to grant the petitioner a jury trial on the issue of damages constituted an abuse of discretion. In discussing this point we will assume arguendo that the issue of damages was one "triable of right

by a jury" within the purview of Rule 38(b); that is to say, that the case in the District Court and, in particular, the issue of damages, is such that if the petitioner had demanded a jury trial within the time specified by Rule 38 it would have been entitled to a jury trial as of right. On this phase of its case the petitioner relies, as it must, on the provisions of Rule 39 (b);. viz., "Issues not demanded for trial by ·jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." It will be observed that under the rule the granting of a jury trial rests within the discretion of the district court.

The petitioner has advanced three grounds which in its opinion are sufficient to demonstrate an abuse of the court's discretionary power in refusing it a jury trial on the issue of damages. We will deal with these seriatim. The first consists of the assertion that the settlement of an amount of damages which must be approximated is peculiarly appropriate work for a jury. The petitioner has cited a number of authorities for this proposition.[1] None of these is in point as we understand the facts of the case now pending at 54 F.Supp. 1011. ·It is not alleged that the plaintiff's delay in requesting a jury trial was caused by inadvertence or mistake. On the contrary, counsel for the plaintiff, a skillful and experienced member of the bar of this court, stated in substance that his failure to ask for a jury trial was deliberate and intentional. Moreover, this case is not a simple tort cause in which damages for injuries to the person or for pain and suffering must be ascertained. On the contrary the evidentiary facts are intricate and will require auditing, if not an accounting. We can perceive substantial difficulties, though not insuperable obstacles, to the framing of a charge which properly would submit the issue of damages to a jury. We do not say that this alone is a reason why a jury should not be employed in the case at 54 F.Supp. 1011 but it is an element to be considered as well as the essential intricacies of proof.

Second, the petitioner asserts that in the leading cases[2] involving judgments for a loss of anticipated profits the amounts were fixed by the verdicts of juries. We can perceive no reason, however, why the doctrine of the Supreme Court in Story Parchment Co. v. Paterson Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544, followed by this court in Gotham Silk Hosiery Co. v. Artcraft Silk Hos. Mills, 3 Cir., 147 F.2d 209, may not be applied as adequately by a court as by a jury under instructions from the court.

Third, the petitioner asserts that the pending litigation "has already been so excessively delayed that the plaintiff is entitled to the benefit of the speediest procedure now available * * *" and that in view of the number of defendants and counsel involved there may be repeated postponement of hearings and other delays "always possible in trials lacking the salutary presence of a jury." We think that this criticism of the time which the litigation has consumed is unjustified. This will appear from the time-table of the important incidents in the case as set out in the footnote.[3] The issues of law presented were difficult. The record was not

[1] Peterson v. Southern Pacific, D.C., 31 F.Supp. 29; Arnold v. Trans-American Freight Lines, D.C., 1 F.R.D. 380; Hargreaves v. Roxy Theatre, D.C., 1 F. R.D. 537; Bosley v. Southern Bell Telephone & Telegraph Co., D.C., 1 F.R.D. 771; Spiro v. Pennsylvania R. Co., D.C., 3 F.R.D. 351.

[2] Story Parchment Co. v. Paterson P. Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544; Eastman Kodak Co. v. Southern Photo Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; William H. Rankin Co. v. Associated Bill Posters, 2 Cir., 42 F. 2d 152, certiorari denied 282 U.S. 864, 51 S.Ct. 37, 75 L.Ed. 765; Weinglass v. Gibson, 304 Pa. 203, 155 A. 439. And compare Bigelow v. R.K.O., et al., 7 Cir., 150 F.2d 877, certiorari granted 66 S. Ct. 574.

[3] December 8, 1942—Complaint filed

February 16, 1943—All answers or amendments thereto filed

September 9, 1943—Plaintiff's interrogatories issued

November 15, 1943—Trial commenced

December 7, 1943—Plaintiff filed its requests for findings of fact and conclusions of law

April 8, 1944—Opinion by Judge Kirkpatrick filed

April 14, 1944—Notice of Appeal filed

inconsiderable. The explicit assertion of undue delays in the disposition of the case is not meet.

We are of the opinion that the issue of damages may be disposed of more efficiently and more expeditiously by a trial to the court rather than by a trial by a jury. Consequently, we conclude that the learned District Judge did not commit a breach of discretion in denying the petitioner's application for a jury trial.

The petition will be dismissed.

May 9, 1944—Plaintiff filed its designation of the contents of the record on appeal

May 19, 1944—Record transmitted to Circuit Court of Appeals for the Third Circuit

August 10, 1944—Plaintiff's appendix filed in Circuit Court

November 6, 1944—Defendants' briefs filed

January 22, 1945—Plaintiff's reply brief filed

February 7, 1945—Defendants' reply brief filed

February 8, 1945—Case argued

August 2, 1945—Opinion filed

September 21, 1945—Petition for rehearing denied.

November 14, 1945—Petition filed for special listing of case for trial by jury.