## BULLOCK v. STERLING DRUG, Inc.
### Civ. A. No. 8240.

United States District Court
E. D. Pennsylvania.

Dec. 17, 1948.

John B. Martin, of Philadelphia, Pa., for plaintiff.

C. Russell Phillips, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a motion under Federal Rules of Civil Procedure, rule 39(b), 28 U.S.C.A., for an order placing the instant case upon the jury trial list. Counsel have agreed in open court that the facts are accurately set forth in the briefs as follows: Plaintiff's complaint, which alleges breach of contract, was filed on March 3, 1948. An answer was filed on March 24. On June 14, 1948, after obtaining leave of court, plaintiff filed an amended complaint which did not change the substance of the original complaint. Defendant's answer to the complaint was filed on June 16. On October 7, 1948, the plaintiff filed a "notice of motion for jury trial." There was no previous demand for jury trial in accordance with Rule 38. Rule 39(b) provides that:

"Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Both parties agree that plaintiff by his inaction has waived his right to jury trial and that the request is addressed to the court's discretion under Rule 39. See William Goldman Theatres, Inc. v. Kirkpatrick, et al., 3 Cir., 154 F.2d 66, 69.

Under these circumstances, and in the exercise of that discretion, I do not think that the motion should be granted. The only reason advanced for plaintiff's failure to demand jury trial at the proper time is that an "oversight" occurred. This statement appears in the brief in support of the motion, but no mention is made of the nature of the oversight, or of possible extenuating circumstances. As a matter of fact, it appears that no written motion has been filed at all, and that the "notice of motion for jury trial" which might be taken as incorporating the motion contains no allegation at all as to its basis. There-

are factors, in addition, which lead me to deny the motion. Thus, plaintiff states in his brief that he discovered the oversight on or about August 17, 1948. The instant motion was not filed until about six weeks later. Moreover, the nature of the action calls for a determination of two issues; whether a contract existed between plaintiff and defendant, and, if so, what were its terms regarding severance pay. Neither of these issues seems to be peculiarly suitable for jury trial rather than trial by the court. In addition, defendant is a nonresident corporation which may be put to greater expense and inconvenience by a jury trial. Perhaps none of these additional factors, and certainly not the last, would alone justify denial of the motion. But taken together, and in connection with the nature of the pleading, I feel justified in taking that action. Therefore, an order will be entered denying the motion in accordance with this opinion.