**PAPER STYLISTS, Inc. v. FITCHBURG PAPER CO.**

Civ. No. 3026.

United States District Court
N. D. New York.

March 25, 1949.

Carroll, Amyot & Doling, of Albany (Edmond Amyot, of Albany, of counsel), for plaintiff.

Ainsworth & Sullivan, of Albany (Charles B. Sullivan, of Albany, of counsel), for defendant.

FOLEY, District Judge.

Plaintiff applies to the discretion of the court by motion in accordance with Rule 39(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for relief from its failure to make a timely demand for a jury trial as set forth in Rule 38(b) of the same rules. The defendant corporation, by its attorneys, strenuously opposes the granting of such relief upon several grounds.

The plaintiff corporation asks for the exercise of judicial discretion in its favor by a sworn affidavit of one of its attorneys to the effect that, because of inadvertence in its office, the demand for a jury trial was not made within the ten-day period after the service of the last pleading directed to such issue or issues. In explanation of this inadvertence, the plaintiff relies upon the peculiar circumstances surrounding the commencement and subsequent procedure involved in the action.

The above-entitled action was commenced originally in the Supreme Court of the State of New York, Saratoga County. It was then removed upon application of the defendant to this United States District Court. Thereafter a chronology followed: Motion by defendant to dismiss complaint, service of amended complaint, service of original answer, motions relative to bills of particulars, examination before trial of plaintiff through its president, permission granted upon application of defendant to serve amended answer with affirmative defense, and, finally, the reply to such amended answer. It is the contention of the plaintiff that by reason of this maze of legal procedure, the original office mistake in not following the rule as to timely demand was thus caused and remained undiscovered until the first note of issue was served upon defendant March 8, 1949, for the regular trial term of the district court scheduled at Syracuse, April 5, 1949. The defendant returned the note of issue which demanded a jury trial, based upon the legal right that such demand was not within the limitation of time stated in Rule 38(b). These circumstances are outlined in some detail because they are important factors in the determination of this motion.

The amended complaint herein alleges two causes of action. The actions are based in quasi contract and contract, and ask for substantial money damages. The counterclaim of defendant likewise alleges a breach of performance upon the part of the plaintiff corporation, and asks money damages. It is therefore evident that in the first instance the plaintiff corporation was clearly entitled, as a matter of right, to a trial by jury as declared in the Seventh Amendment to the Constitution of the United States, and as reiterated in Rule 38(a) of the Federal Rules of Civil Procedure. There can be no serious dispute to this statement.

It is here that we meet the first important contention of the defendant. It seriously stresses that there is no excuse for neglect on the part of the plaintiff; that the long delay in filing the demand is unreasonable and constitutes a waiver of this sacred right "which shall be preserved to the parties inviolate." There is no question but that there is a conflict of authority as to the exercise of the discretion of the court as empowered by Rule 39(b). However, it is my considered judgment that the plaintiff presents an intelligent, reasonable excuse for its failure to comply with the rule as to timely demand. Mistake, error, omission or inadvertence should be corrected in instances where reasonable explanations are presented and where important rights may be destroyed.

In reaching this conclusion, I confine the decision to the peculiar circumstances involved and follow in that particular the reasoning set forth in Bowles v. Samonas, D.C., 7 F.R.D. 104. I am also compelled to this conclusion by the importance of the right to seek trial by jury. Blackstone said that trial by jury is the glory of the law. It is my thought that the right to seek the glory should not be hampered by unreasonable obstacles.

But, as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver. Aetna Ins. Co. v. Kennedy, 301 U.S. 389, at page 393, 57 S.Ct. 809, 81 L.Ed. 1177.

It may be well to discuss the other contentions of the defendant. It insists that the motion to the discretion of the court under the provisions of Rule 39(b) should not be entertained at this special term of the court, but should be left to the exercise of discretion of the trial court. I disagree with this position. The right to be relieved from the waiver exists under the stated circumstances, or it does not exist. The application is by motion in accordance with Rule 39(b) of the Federal Rules of Civil Procedure.

The right to seek relief from failure to demand a jury trial in such action as herein should not be dependent to any extent upon the consideration of efficiency or expediency in the disposition of a trial calendar. The discretion should be exercised in accordance with law and reason.

Lord Mansfield states: "Discretion, when applied to a court of justice, means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague and fanciful, but legal and regular."

Courts are the mere instruments of the law and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law. Osborn v. Bank of United States, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204, at page 234.

 The defendant also urges that the motion should be denied because there may be complexities of proof which might be confusing to a court instructing a jury. It seems logical to note in that respect that in the event the plaintiff had been diligent in making its demand for a jury trial, the same complexities and burdensome problems would have been presented. As in many other trials, the problems would have to be met and conquered by a court and trial jury. The number of depositions taken or to be taken seems immaterial.

In accordance with this opinion, I grant the motion of plaintiff. Submit order accordingly.