CONTAINER CO. v. CARPENTER CONTAINER CORPORATION et al.

Civ. A. No. 1053.

United States District Court
D. Delaware.

July 19, 1949.

Richard F. Corroon (of Southerland, Berl & Potter), of Wilmington, Del., and Mark F. Hughes and Raymond C. Mur-

phy (of Willkie, Owen, Farr, Gallagher & Walton), of New York City, for plaintiff and additional defendant.

Alexander L. Nichols (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., and Marvin C. Harrison and Allan Hull (of Harrison, Thomas, Spangenberg & Hull), of Cleveland, Ohio, for defendant.

RODNEY, District Judge.

The question here is whether a jury trial should be ordered by the court upon a motion therefor by the defendant when no timely demand therefor has been made.

This action was instituted under the Federal Declaratory Judgments Act [1] for a declaratory judgment of the non-infringement by plaintiff and the invalidity of Patent No. 2,382,858 owned by defendant. Defendant's amended answer contains a counterclaim made up of two separate claims or causes of action. The first claim in the counterclaim is a treble damage suit based upon the anti-trust laws of the United States [2] and is directed against the plaintiff and a third party who has been joined herein as an additional defendant upon motion by the original defendant under Rule 13(h), Federal Rules of Civil Procedure, 28 U.S.C.A. The second claim in the counterclaim is a straight patent infringement suit directed solely against plaintiff.

Neither party demanded a jury trial within the time specified in Rule 38(b).

Upon motion under Rule 42(b) by plaintiff and the additional defendant, this court has ordered separate trials of the two claims or causes of action in the defendant's counterclaim. See Container Co. v. Carpenter Container Corp., D.C.Del., 1949, 9 F.R.D. 89.

Subsequent to the court's decision granting a separation for trial, defendant moved under Rule 39(b) for a trial by jury of the issues involved in the first (anti-trust) claim or cause of action in the counterclaim. In support of the motion is filed an affidavit by one of counsel for defend-ant, the gist of which is that the question of a trial by jury of the first claim in the counterclaim was considered by defendant's counsel; that inasmuch as it was assumed then that the first and second claims would be tried simultaneously and the second claim, being one relating solely to patent matters, was not appropriate for consideration by a jury, it was decided not to demand a jury trial of the first claim; that defendant's desire for a jury trial of the anti-trust issues will no longer interfere with the trial of the patent issues, in view of the court's order for separation; that the decision of defendant to waive its right to a jury trial of the anti-trust issues was based upon the assumption that there would be a trial of all issues at one time; and that since the court has ordered separation, it is just and equitable that defendant be permitted to obtain a jury trial of the anti-trust issues.

No affidavits in opposition have been submitted by plaintiff or the additional defendant.

Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." By the express terms of the rule, of course, the granting of a jury trial under the rule is a matter within the court's discretion. See William Goldman Theatres v. Kirkpatrick, 3 Cir., 1946, 154 F.2d 66, 69; Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862, 864; Cannister Co. v. National Can Corp., D.C.Del., 1948, 8 F.R.D. 408, 409. A reasonable excuse for failure to make a timely demand for a jury trial justifies the court in exercising its discretion under Rule 39(b) in favor of a trial by jury. Paper Stylists, Inc. v. Fitchburg Paper Co., D.C.N.D.N.Y., 1949, 9 F.R.D. 4, 5.

It is clear that the defendant would have been entitled to a jury trial of the anti-trust issues as of right upon making a timely demand therefor. See

---

[1] Then Sec. 274d of the Judicial Code, 28 U.S.C.A. § 400, now 28 U.S.C.A. §§ 2201, 2202.

[2] Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15 and 26.

Ring v. Spina, 2 Cir., 1948, 166 F.2d 546. The only question here is whether the court's discretion should be exercised in favor of a jury trial as requested. The discretion to be exercised under the rule should be exercised in accordance with law and reason.

If there had been a separation of the issues and provision for separate trial of those issues at an earlier stage of the proceedings and before any right to a jury trial had expired, I am assured that the defendant would have requested a jury trial on the issues triable by jury. The mere fact that the motion of the plaintiff for separate trials was not made until after the expiration of the time for electing a jury trial should not militate against the grant of that fundamental privilege to the defendant.

■ The right to a jury trial, of course, is fundamental, and the courts should indulge every reasonable presumption against waiver of such right. Ætna Ins. Co. v. Kennedy, 1937, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177. Under the circumstances outlined in the uncontroverted affidavit in support of defendant's motion, this court cannot presume that defendant intended to waive its right to a trial by jury of the anti-trust issues if such issues were to be tried separately from the other issues in the case.

■ The excuse submitted on behalf of defendant in explanation of its failure to make a timely demand for a jury trial is reasonable and constitutes "excusable neglect" for not making a timely demand therefor.[3]

The plaintiff suggests that the issues of the anti-trust cause of action are so complex and intricate as to make it improper to try such issues before a jury. These matters, including intricacies of proof and difficulties in presenting questions understandingly in a judicial charge to a jury, are elements to be considered in the exercise of judicial discretion in situations similar to the present. They are, however, only elements to be considered with all others present. These same questions with all their complexities and intricacies would have been present had the question arisen when a jury trial was a matter of right rather than one of judicial discretion.

An order may be submitted granting a trial by jury of the issues involved in the first (anti-trust) claim or cause of action in defendant's counterclaim.

---

[3] Compare Paper Stylists, Inc. v. Fitchburg Paper Co., D.C.N.D.N.Y.1949, 9 F.R.D. 4, with Cannister Co. v. National Can Corp., D.C.Del.1948, 8 F.R.D. 408 and Bullock v. Sterling Drug Inc., D.C. E.D.Pa.1948, 8 F.R.D. 575; cf. Kass v. Baskin, 1947, 82 U.S.App.D.C. 385, 164 F.2d 513, 518. See also State of Delaware, for use of General Crushed Stone Co. v. Massachusetts Bonding & Ins. Co., D.C.Del.1942, 3 F.R.D. 65.