**KERSHENBAUM v. WOOL.**

Civ. No. 3867–50.

United States District Court, District of Columbia.

Nov. 12, 1952.

Josiah Lyman, Washington, D. C., for plaintiff.

Louis Ginberg, Washington, D. C., for defendant.

KIRKLAND, District Judge.

The Judge presiding in the pretrial division of the court under date of November 4, 1952, referred to this court, now sitting in the Criminal Division, matters to be heard in the above cause, at a further pretrial session, involving this court's former pretrial order of June 23, 1952.

It was the intent of the court by its order of June 23, 1952, to approve both the pretrial statement of the plaintiff and defendant, and by such approval to grant the leave to plaintiff to file the second answer to defendant's counterclaim. The better practice would have been for the pretrial order to have expressly granted that permission. Accordingly, the court finds that permission to file the amended second answer should have been granted.

As an oral motion, counsel for defendant moved to strike portions of the amended answer in paragraph 4, namely, "that the substance of said counter-claim is founded and fixed in fraud and deceit; and that said defendant herein is seeking to and attempting to seek and gain a recovery against plaintiff which is false and baseless". The court holds as a matter of law that this is not scandalous under the rules and has probably been alleged in order to prove a claim for punitive damages, now asserted in the second amended answer.

The remaining question is whether counsel for plaintiff has complied with

Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in making a proper and timely demand for a jury trial. The history of the case shows that the complaint was filed September 5, 1950, and the answer and counterclaim filed September 26, 1950. The answer of the plaintiff to the counterclaim was filed December 6, 1950, and there was filed in the cause on December 18, 1950, a pleading entitled "Demand for a Jury Trial". Obviously, the latter is not a technical motion for a jury trial since it does not comply with the form rules of notice and the filing of points and authorities.

Rule 38(b) of the Rules of Civil Procedure provides:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

The objections to plaintiff's demand for a jury trial are that it is not a motion, but a praecipe and came two days later than his privilege, as a matter of right, to have a jury trial. However, counsel for defendant has omitted since December 18, 1950, until he was on the current jury trial calendar of this term, a period of almost two years, to take any action thereon. The court will always aid the diligent. The Supreme Court in the case of Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177, asserted:

"* * * as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."

The court, therefore, rules although not perfect in form, it was technically an unopposed motion and the demand for a jury trial was good. However, the matter has become moot, since counsel for defendant has properly pointed to the fact that there is no reply of record to the second answer of plaintiff to defendant's counter-claim and, accordingly, the parties are technically not at issue. Permission to file such a reply is hereby granted; and counsel for the plaintiff has indicated that he will formally apply, by a motion, for the right of trial by jury.

In order that no other matters may be overlooked, this court is referring the present cause to the pretrial division for final disposition of all matters arising prior to trial.