136 So.2d 119 (1962)
Mrs. Dicy Mae ARRINGTON et al.
v.
Billy Frank McCARTY et al.
No. 413.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Rehearing Denied January 15, 1962.
*120 Stafford & Pitts, by John L. Pitts, Alexandria, Robert T. Farr, Monroe, for defendants-appellants.
Lloyd G. Teekell and John M. Sherrill, III, Alexandria, for plaintiffs-appellants.
Thompson, Thompson & Sparks, by James D. Sparks, Monroe, J. C. Theus, Monroe, for defendant-appellee.
Before FRUGE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This is an action in tort instituted by plaintiff, individually, and as natural tutrix of her minor children resulting in the death of her husband in an automobile accident.
The matter is before this Court on behalf of some of the parties to the instant suit from a ruling by the trial judge that certain incidental demands could not be tried by a jury because the application for said trial was not filed in time, as provided by LSA.C.P. Article 1732.
Plaintiff sued, among others, Walter Pitts, d/b/a Walter Pitts Construction Company, and its insurer, The American Fidelity and Casualty Company, Inc., who will be referred to hereinafter as "Walter Pitts, et al.", and Eck Miller Construction Co., Inc., Billy Frank McCarty, A. P. Stogner and Liberty Mutual Insurance Company, hereinafter referred to as "Eck Miller et al." Plaintiff prayed for and was granted a trial by jury.
In cross actions between them, both Eck Miller et al. and Walter Pitts et al. sought to be relieved of liability to plaintiff.
After the cross actions were filed, Walter Pitts et al. moved for a separate trial on the issues raised therein. Eck Miller et al. did not oppose the granting of the separate trial, but asked the district court to grant them a jury trial, which he did. Walter Pitts et al. filed a rule to set aside the jury trial on the incidental demands on the ground that the application came too late as it was not made within ten days after the filing of the last pleading, as provided by LSA-C.C.P. Article 1732.
After a hearing on the rule to set aside the jury trial on the incidental demands, the district judge recalled the rule and held that Eck Miller et al. could not have a jury trial as to the incidental or separate demands for the reason that the application for a jury trial came too late under the provisions of LSA-C.C.P. Article 1732.
The trial judge held that Article 1732 being a special act must be strictly construed. The court found that the custom of the Louisiana courts has been to try cases before the court without a jury.
There are no Louisiana cases on the subject. The pertinent articles of the Louisiana Code of Civil Procedure are 1731 and 1732, which read as follows:
1731. "Except as limited by Article 1733, the right of trial by jury is recognized.
"The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury."
1732. "A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue."
Under the provisions of LSA-C.C.P. Article 1731, if the principal demand is triable by a jury, all incidental demands are likewise triable by a jury.
The following comment is made under LSA-C.C.P. Article 1731:
"This article serves the same purpose as Fed. Rule 38(a), which provides that the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

*121 "A troublesome question as to the right to jury trial might be presented in cases in which there are incidental demands. The second sentence of this article provides the test to be applied in such cases: whether any demand may be tried by a jury depends upon whether the principal demand is triable by jury under Art. 1733, infra. Thus, if the principal demand is for $800 damages, and the defendant reconvenes for $5,000 damages, neither demand may be tried by a jury. Conversely, if the principal demand is for $5,000 damages, and the defendant reconvenes for $800 damages, either or both demands may be tried by a jury, dependent on whether the plaintiff or defendant or both demand a jury trial under Art. 1732, infra."
LSA-C.C.P. Article 1732 is almost identical with Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which reads as follows:
"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."
The federal rule has been uniformly construed to mean that when one party asked for a jury trial on all issues, then no other party to the suit has to duplicate the request to be assured of a jury trial. In Moore's Federal Practice, Vol. 5, p. 343, we find the following commentary on Rule 38:
"The last sentence of Rule 38 (also of subdivision (d)) states: `A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.' In other words if a timely and proper demand for jury is made all other parties in the action who are affected by the demand may rely thereon and need not make a jury demand for issues embraced therein. Thus if the plaintiff makes a timely general demand for jury the defendant may rely thereon and the plaintiff cannot dispense with a jury trial as to some or all of the issues between them without the consent of the defendant. Or, if the defendant should make the initial general demand for jury, the plaintiff, even though jury trial is more important to him, need make no demand. He may rely with safety upon defendant's demand. Without the provision against withdrawal, a party might withdraw his demand after the time for demanding a jury had run and thus deprive the adverse party of jury trial. Sharp practice is avoided."
See case of United States ex rel. Rodriguez v. Weekly Publications, D.C., 9 F.R.D. 179.
Barron & Holtzoff's Federal Practice and Procedure, Sec. 877, page 49, dealing with Rule 38 of Federal Procedure, states:
"* * * Where a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues as to which jury trial has been demanded may rely thereon and need not make an additional demand of their own. * * *"
Since a right to a trial by jury is fundamental, the courts will indulge every reasonable presumption against a waiver of that right. Kershenbaum v. Wood, D.C., 13 F.R.D. 333; Container Co. v. Carpenter Container Corp., D.C., 9 F.R.D. 261; and Paper Stylist v. Fitchburg Paper Co., D.C., 9 F.R.D. 4.
After an examination of the above authorities, this Court is of the opinion that once the plaintiff in a cause asks for and is granted a jury trial, under the provisions of LSA-C.C.P. Article 1732, any incidental demands by any party to the suit may also be tried by a jury without his *122 making a specific demand for a jury trial, subject to the provisions of LSA-C.C.P. Article 1735. This Court is of the further opinion that a liberal construction should be given to the provisions of LSA-C.C.P. Articles 1731 and 1732 since they do not deal with criminal or penal statutes.
Thus our learned trial brother was in error in holding that the appellants' request for a jury trial must be denied because it was not timely made. However, the trial court is not necessarily required to order a jury trial of the issues between these defendants if the granting of such jury trial will involve two jury trials in the same case, in violation of the injunction of LSA-C.C.P. Article 1735 that there can be only one jury trial in any case. It is to be remembered that it is by reason of the plaintiffs' prior timely request for a jury trial that the present appellants' request therefor is timely. In the absence of a waiver by the plaintiff of such request for a separate jury trial or other joint stipulation by the interested parties waiving the prohibition of LSA-C.C.P. Article 1735, the trial court is not required to grant a separate jury trial of the issues between the defendants when this would cause two jury trials in violation of LSA-C.C.P. Article 1735.
The question of whether the incidental issues now before us should be referred to the merits and tried at the same time the case is tried on the merits, or whether for other legal reasons a separate trial by jury of the issues presented here should be ordered, is not now before us. We do hold, however, that since a jury trial has been ordered in this case, then the incidental issues here presented may also be tried by jury, subject to the provisions of LSA-C.C.P. Article 1735 and other laws on that subject.
For the foregoing reasons, we rescind the order of the trial court denying the appellants the right to a jury trial on the ground that the request was not timely made, and we remand this case to the trial court for further proceedings not inconsistent with the views herein expressed. Costs of this appeal are to be paid by appellees.
Reversed and remanded.

On Application for Rehearing. En Banc. Rehearing denied.