CULPEPPER, Judge.
We granted a writ of certiorari to review the district court’s action in allowing plaintiff to withdraw his demand for trial by jury without the consent of the defendants.
The facts are that plaintiff filed this suit against defendants for damages resulting from an automobile accident and demanded and was granted a trial by jury. Defendants answered but did not demand a trial by jury. Under the rules of court, the matter was fixed for trial before a jury on May 22, 1967. On May 12, 1967 plaintiff filed an ex parte “Motion to Withdraw Order for Trial by Jury”, pursuant to which the district judge set aside his previous order for a jury trial and ordered that the case be tried without a jury. The defendants did not consent to this motion by stipulation or otherwise.
On May 15, 1967 defendants filed a contradictory motion to set aside the court’s order of May 12, 1967 and, alternatively, to allow the defendant to demand a trial by jury. This motion was heard on May 17, 1967 and denied. Defendants then applied for and were granted writs of cer-tiorari from this court.
The substantial issue is: Where a right to trial by jury exists and has been demanded by only one party, can that party later withdraw his demand and dispense with the jury without the consent of the other party? It is clear this question must be answered in the negative.
The applicable statute is LSA-C.C.P. Article 1735 which reads as follows:
“Art. 1735. Trial of less than all isues; stipulation
"The trial of all issues for which jury trial has been requested shall be by jury unless the parties stipulate that the jury trial shall be as to certain issues only, or unless the right to trial by jury as to certain issues does not exist, but in all cases there shall be but one trial.”
The Official Revision Comments under LSA-C.C.P. Article 1735 inform us that the source of this statute is Federal Rule 39(a) which reads as follows:
“Rule 39
“(a) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.”
Federal Jurisprudence construing Rule 39(a) holds, as the rule clearly states, that where a jury trial has been demanded by one party, or by both, the case must be so tried unless (1) both parties consent to *198 trial without a jury or (2) the court finds that a right to trial by jury does not exist.[1]
Long before the formulation of this rule in the Federal Rules and in our own Code of Civil Procedure, Louisiana jurisprudence recognized the mischief which can result if a party who demands a jury trial is allowed to withdraw his demand, after the time for demanding a jury has elapsed as to the other party, thus depriving the other party of his right to trial by jury. In Sweeny and Carr v. Barbin, 2 Mart. (O.S.) 48 (1811) the court said:
“Neither party can, without his neglect or consent, be deprived of his right to a jury. No latches can be imputed to the defendant. Judgment cannot be entered. If the plaintiffs waive their right to a jury, the defendant must be allowed to pray for one, or his attorney offered an opportunity of consulting with him, to ascertain whether a defense be not necessary.”
In Lewis v. Klotz, 39 La.Ann. 259, 1 So. 539 (1887) the court said:
“The jury has been asked for by the defendant; the case had been put down as a jury case on the jury docket; the jury were in attendance to try the case. To have it thus tried, under the order rendered, was a right enjoyed by both parties to the suit, regardless of the question as to which party had applied for a jury; and, being thus a jury case, the jury could only have been dispensed with by the request or consent of both parties.”
In Arrington v. McCarty, 136 So.2d 119 (La.App. 3rd Cir. 1961), the question was presented in a slightly different way, but the rationale of our holding is applicable to the present matter. There, plaintiff filed a tort action against several defendants and was granted a trial by jury. Certain defendants filed cross actions between them, seeking to evade liability, and one of the defendants asked for a separate trial by jury on his cross action. The district court held the application for separate jury trial came too late, under LSA-C.C.P. Article 1732.[2] We reversed and held first that the Codal provisions must be liberally construed to protect the right to trial by jury. Furthermore, that since the plaintiff had demanded a jury trial as to the principal demand, defendants were also entitled to trial by jury of any incidental demands without the necessity of making a request therefor within the ten days provided by LSA-C.C.P. Article 1732; but that in no event was it necessary for the trial court to hold two jury tr’als in the same case, LSA-C.C.P. Article 1735. In Arrington v. McCarty, we cited Federal Rule 38(d) which, as applicable here, sets forth substantially the same rule as Federal Rule 39(a). There we said :
“The federal rule has been uniformly construed to mean that when one party asked for a jury trial on all issues, then no other party to the suit has to duplicate the request to be assured of a jury trial. In Moore’s Federal Practice, Vol. 5, p. 343, we find the following commentary on Rule 38:
“ ‘The last sentence of Rule 38 (also of subdivision (d)) states: “A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.” In other words if a timely and proper demand for jury is *199 made all other parties in the action who are affected by the demand may rely thereon and need not make a jury demand for issues embraced therein.’ ”
It is true that Federal Rule 38(d) was not indicated in the Official Revision Comments as a source of LSA-C.C.P. Article 1735. However, a mere reading of Federal Rule 38(d) and Federal Rule 39(a) shows that, insofar as pertinent here, they both state the rule that a demand for trial by jury cannot be withdrawn without the consent of both parties. This is the rule which the redactors of our Code of Civil Procedure clearly express in LSA-C.C.P. Article 1735.
It might be argued that the purpose of LSA-C.C.P. Article 1735 is to allow parties, who have initially demanded a trial by jury of all issues, to later change their minds and, by joint stipulation, ask for trial by jury as to less than all of the issues. The argument might proceed that since Federal Rule 38(d) was not expressly included in our Code of Civil Procedure and was not mentioned as a source of Article 1735, the intent of the redactors was to allow the party who demanded a jury trial to unilaterally withdraw that demand. We cannot agree with this argument. It would be illogical to construe LSA-C.C.P. Article 1735 as providing that both parties must stipulate to simply reduce the number of issues triable by jury, while one party alone may dispense with jury trial entirely as to all issues.
For the reasons assigned, the writ of certiorari heretofore granted is made peremptory. The order of the district court of date, May 18, 1967, as amended, refusing to vacate its previous order of May 12, 1967 dispensing with trial by jury, is hereby annulled and set aside. It is now ordered, adjudged and decreed that the district court’s order of May 12, 1967, dispensing with a trial by jury, be recalled and set aside. The district court is ordered to proceed with the trial of this case by jury as originally ordered on January 20, 1966 and in accordance with court rules and the views expressed herein. All costs of this writ of certiorari are assessed against the plaintiff respondent.
Writ of certiorari granted and made peremptory.
TATE, J., concurs in the result.

. DeGioia v. United States Lines, 304 F. 2d 421 (C.A.2d 1962); Collins v. Government of Virgin Islands, 366 F.2d 279 (C.A.3d 1966); DePinto v. Provident Security Life Insurance Co., 323 F.2d 826 (C.A.9th 1963, certiorari denied 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969); Barron & Holtzoff, Fed.Prac. & Proc., Vol. 2 B, Section 891 at page 61; Moore’s Fed.Prac., Vol. 5, Section 39.02, pages 704-705; see also West’s Fed. Forms, Vol. 3, Sections 3765-3767.

. Art. 1732. Demand for jury trial
A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.