CULPEPPER, Judge.
This proceeding involves three consolidated suits for damages arising out of the same two-car collision. One of the vehicles was owned in part by the Calcasieu Parish Police Jury, which was made a party defendant as to certain issues. Some of the parties want a trial by jury as to those issues not involving the Police Jury. Others take the position that since the Cal-casieu Parish Police Jury is a public body, all issues as to all parties must be tried by the judge. LSA-R.S. 13:5104.
The district judge ruled that since the Police Jury is a party in one of the actions, all issues as to all parties in the three consolidated cases must be tried by the judge without a jury. On application by one of the defendants, Hartford Accident & Indemnity Company, we granted writs of certiorari and prohibition to review this ruling.
One of the automobiles involved in the accident was a Jeep vehicle, jointly owned *396 by the Calcasieu Parish Police Jury, the Calcasieu-Lake Charles Health Unit and the Louisiana State Board of Health. It was being driven by Thomas D. Mitchell, an alleged employee of the Police Jury, who was killed. Passengers were Bryan Earl Watson, also killed, Grady James Gremil-lion, who was injured, and Michael Davis Watson.
The other vehicle was a pickup truck, owned and being driven by Kirby E. White, Jr. Donald Westbrook was a passenger. Both were injured.
Suit No. 70,208 on the docket of the Fourteenth Judicial District Court was filed by the survivors of Bryan Earl Watson for his wrongful death and by the natural tutrix of Grady James Gremillion, a minor, for his alleged injuries. The plaintiffs in this suit allege that the accident was caused by the combined negligence of the two drivers. They name as defendants Thomas D. Mitchell and his insurer, Aetna Casualty & Surety Company; Kirby E. White, Jr. and his insurer, Hartford Accident & Indemnity Company; Hartford Accident & Indemnity Company as insurer of the Calcasieu Parish Police Jury; and Zurich Insurance Company as insurer of the Calcasieu-Lake Charles Health Unit and the Louisiana State Department of Health. In this suit plaintiffs were granted a trial by jury.
Later, the same plaintiffs who filed suit No. 70,208 also filed Suit No. 73,545 against the Calcasieu Parish Police Jury, pursuant to authorization by legislative act. No jury trial was requested in this case.
Suit No. 68,218 was filed by Kirby E. White, Jr. and Donald Westbrook against Hartford Accident & Indemnity Company, as insurer of the Police Jury, Aetna Casualty & Surety Company and Zurich Insurance Company. In this suit the plaintiffs also were granted a trial by jury.
On motion of the attorney for Hartford Accident & Indemnity Company, the three cases were consolidated for trial. Then the plaintiffs in Suit No. 70,208 filed a “Rule to Prevent Trial by Jury of these Consolidated Cases”, on the grounds that since the Police Jury is a party defendant in one of the cases, none of the issues in any of the cases are triable by jury. At the hearing on this rule, Hartford Accident & Indemnity Company, as insurer of the Cal-casieu Parish Police Jury, opposed the rule and asked that the issues involving the Police Jury be tried by the judge but that the remaining issues be tried by jury.[1] As stated above, the court ruled that all issues as to all parties must be tried without a jury.
The statutory law is as follows:
“LSA-C.C.P. Art. .1731. Issues triable by jury
“Except as limited by Article 1733, the right of trial by jury is recognized.
“The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.”
“LSA-C.C.P. Art. 1733. Limitation upon jury trials
“A trial by jury shall not be available in:
* * * * * *
“(5) All cases where a jury trial is specifically denied by law.”
“LSA-C.C.P. Art. 1735. Trial of less than all issues; stipulation
“The trial of all issues for which jury trial has been requested shall be by jury *397 unless the parties stipulate that the jury trial shall be as to certain issues only, or unless the right to trial by jury as to certain issues does not exist, but in all cases there shall be but one trial.”
“LSA-R.S. 13:5104. Jury trial prohibited
“No suit against the state or other public body shall be tried by jury.”
The trial judge followed Abercrombie v. Gilfoil, 205 So.2d 461 (La.App. 1st Cir. 1967). There the Abercrombie vehicle skidded from the highway into a ditch, where it was later struck by the Gilfoil automobile, which also skidded from the highway. The drivers filed separate suits against each other and the Department of Highways. Trial by jury was granted in Gilfoil’s case. The court noted that the principal demand in each suit was for judgment against the Department of Highways, LSA-C.C.P. Article 1731, and concluded that none of the issues in either case could be tried by jury. There was no application to our Supreme Court for writs.
After the district judge in the present case rendered his decision, based on Aber-crombie v. Gilfoil, supra, the Court of Appeal, Second Circuit, State of Louisiana, rendered a contrary opinion. In Jobe v. Hodge, 207 So.2d 912 (La.App.2d Cir. 1968), several consolidated suits were filed by individuals who claimed to have been injured by battery and unlawful arrest at the hands of officers of the Police Department of the Village of Tallulah. Each suit was filed against the accused police officers and the village. Plaintiffs obtained orders for trial by jury. The defendants filed a motion to prevent trial by jury as to all issues in all cases. As we understand the court’s opinion, it discussed but disagreed with Abercrombie v. Gilfoil, supra, and held that all issues affecting the Village of Tallulah must be tried by the judge, but the remaining issues could be tried by a jury. A writ of certiorari was granted by our Supreme Court, 251 La. 1079, 208 So.2d 536, but no decision has yet been rendered.
In our view, the Second Circuit Court of Appeal has reached the correct conclusion in Jobe v. Hodge. The right to trial by jury is favored in the law and any doubtful statutory provisions should be liberally construed. Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279 (La.App. 1st Cir. 1964); Arrington v. McCarty, 136 So.2d 119 (La. App. 3rd Cir. 1962). Of course, LSA-R.S. 13:5104 prohibits trial by jury in suits against the state or other public bodies. But, there is no express statutory provision controlling the situation where such a suit is consolidated with others which are not against the state.
LSA-C.C.P. Article 1735, quoted above, clearly contemplates that in one trial some issues can be tried before the jury and others can be decided by the judge. This has been the practice in Federal Courts under Federal Rule 39(a), the source of LSA-C.C.P. Article 1735. Apparently, this procedure has succeeded in the Federal Courts.
We conclude that in the present consolidated cases the judge can decide those issues involving the police jury and the trial jury can decide the other issues.
A very practical objection to the contrary view is suggested by Judge Ellis in his dissent in Abercrombie v. Gilfoil, supra. Parties in automobile accident cases might be tempted to implead the Department of Highways on allegations of defects in the roadways, however frivolous, in order to defeat requests for trial by jury.
For the reasons assigned, the ruling complained of is reversed and set aside. It is now decreed that the “Rule to Prevent Trial by Jury of These Consolidated Cases”, filed March 20, 1968, be denied. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
Reversed and remanded.

. The parties recognize that in Huntsberry v. Millers Mutual Fire Insurance Company, 199 So.2d 196 (La.App.3rd Cir. 1967) we held that where a right to trial by jury exists and has been demanded by only one party, that party cannot later withdraw his demand and dispense with the jury without the consent of the other party. Thus, in the present case the plaintiffs in Suit No. 70,208 cannot withdraw their request for a jury without the consent of Hartford Accident & Indemnity Company.