SAMUEL, Judge.
Plaintiffs allegedly were injured in a collision between an automobile (driven by one of the plaintiffs and in which the other was a passenger) and a truck owned by Continental Contractors, Inc. and operated by a Continental employee. On August 11, 1978 they filed this suit against three defendants, Continental Contractors, its truck driver, and its insurer, Lumbermen’s Mutual Casualty Company (erroneously naming Lumbermen’s as “Kemper Insurance Companies”).
On August 28,1978 Lumbermen’s filed its answer to plaintiffs’ petition. Lumbermen’s made no appearance on behalf of Continental and did not seek a jury trial. On July 20, 1979, more than eleven months after the petition had been filed, Continental filed its answer to plaintiffs’ petition, denying liability, alternatively pleading contributory negligence, in the further alternative making a third party demand against the plaintiff-driver, and praying for a trial by jury on all issues.
Plaintiffs then moved to strike the jury request from Continental’s answer. Following a hearing thereon, there was judgment maintaining the motion insofar as it applies to Lumbermen’s and denying the motion insofar as it applies to Continental.
Continental and Lumbermen’s then applied to this court for writs. The matter is not before us on our grant of certiorari.
In this court plaintiffs contend: 1) Continental’s request for jury trial was not filed timely; and 2) the bifurcated trial ordered by the trial judge was proper.
In support of their first contention plaintiffs argue: Code of Civil Procedure Article 1001 provides that a defendant “shall file his answer within fifteen days after service of citation upon him” and therefore Continental’s answer was not filed timely. Under Article 1732 of the Code of Civil Procedure a party may demand a trial by jury, of any issue triable of right by a jury only in a pleading filed not later than ten days after service of the last pleading directed to such issue. Accordingly, because Continental’s answer, which contained the jury request, was untimely, that request also was untimely and therefore should have been denied.
*558 We do not agree with the first contention. Article 1001 does not preclude the filing of an answer after the fifteen day period has passed. The following article, 1002 reads: “Notwithstanding the provisions of Article 1001, the defendant may file his answer at any time prior to confirmation of a default judgment against him.” Thus, as there has been no confirmation of a default judgment against Continental, the simple answer to plaintiffs’ first contention is that Continental’s answer, together with the request for jury trial it contained, were filed timely.
Nor do we agree with the second contention. When one party has properly demanded trial by jury, no other party need make such a request; the matter is then tried by jury as to all parties regarding whom a right to jury trial exists.[1] Plaintiffs’ reliance on Champagne v. American Southern Insurance Co.,[2] is misplaced. In that case a bifurcated trial was ordered because the right to jury trial did not exist as to one of the defendants, the State of Louisiana.
For the reasons assigned, that part of the trial court judgment which maintains plaintiffs’ motion to strike insofar as it applies to Lumbermen’s Mutual Casualty Company is annulled and set aside, and the matter is remanded to the trial court for further proceedings in accordance with law.

ANNULLED, SET ASIDE AND REMANDED.

. Huntsberry v. Millers Mutual Fire Insurance Co., La.App., 199 So.2d 196.

. La., 295 So.2d 437.