1PICKETT, Judge.

FACTS

Tanya Hanks, individually and on behalf of her minor son, filed suit against Columbia Women’s and Children’s Hospital for medical malpractice. After a medical review panel found the hospital did commit malpractice, the hospital tendered $100,000.00 and the Louisiana Patient’s Compensation Fund (PCF) was substituted as the defendant. In her original petition for damages filed on July 9, 2001, Hanks requested a “trial by jury of all the issues of fact involved herein.” On August 13, 2001, C. Scott Carter, A Professional Law Corporation, filed a petition for intervention in this suit seeking attorney fees. His petition alleges that he is owed money for work performed as counsel to Hanks in this malpractice action.
On September 24, 2002, Carter filed a Motion to Sever the Trial of the intervention from the trial on the principal demand, citing La.Code Civ.P. art. 1038. Hanks filed an exception to the motion, claiming that a severance would result in two jury trials, one on the principal demand and one on the intervention, which is impermissible.
Following a hearing on the Motion to Sever and Peremptory Exception thereto, the court granted the Motion to Sever. The court ruled the parties would try the merits of the main demand to a verdict and then retain the jury for the trial of the intervention.
Tonya Hanks sought a supervisory writ with this court, which was granted for consideration of the merits in an unpublished writ disposition issued by this court on January 24, 2003. All proceedings in the lower court have been stayed pending further action of this court.
I ASSIGNMENT OF ERROR
In her sole assignment of error, the plaintiff-relator Tonya Hanks alleges the following:
Given the existence of a timely demand for a jury trial as to all issues involved, made by plaintiffs, does a district court commit reversible error, where it compels plaintiffs to two (2) jury trials, one as to the principal demand and another as to a incidental demand?

DISCUSSION

The relator argues the trial court’s order violates La.Code Civ.P. art. 1736, which states:
The trial of all issues for which a jury trial has been requested shall be by jury, unless the parties stipulate that the *1117 jury trial shall be as to certain issues only or unless the right to trial by jury as to certain issues does not exist; however, except as otherwise provided under the provisions of Article 1562, there shall be one trial.
The relator argues that by severing the main demand from the incidental demand, there will be two jury trials, which the final clause in the article specifically prohibits. (La.Code Civ.P. art. 1562 is inapplicable in the matter before us.)
The relator cites Arrington v. McCarty, 136 So.2d 119 (La.App. 3 Cir.1961), in support of her argument. That case, however, does not address the issue before this court. In Arrington, the court held that if a request is made for a jury trial on the principal demand, any incidental demands may also be tried by a jury subject to the provisions of La.Code Civ.P. art. 1735 (now 1736), which requires that there be only one trial. The court in Arrington stated:
The question of whether the incidental issues now before us should be referred to the merits and tried at the same time the case is tried on the merits, or whether for other legal reasons a separate trial by jury of the issues presented here should be ordered, is not now before us. We do hold, however, that since a jury trial has been ordered in this case, then the incidental issues here presented may also be tried by jury, |asubject to the provisions of LSA-C.C.P. Article 1735 and other laws on that subject.
Id. at 122.
This court has held that “the trial court can order separate trials and render separate judgments on the principal and incidental demands, if it appears that fairness and orderly procedure would best be achieved by separate trials.” Doyle v. Picadilly Cafeterias, 576 So.2d 1143, 1149 (La.App. 3 Cir.1991).
The trial court has indicated he intends to hold a bifurcated proceeding, wherein the same jury would be used but the incidental demand would not be presented to the jury until a judgment has been returned on the main demand. This is in accordance with the provisions of La.Code Civ.P. art. 1038, which specifically allows a court to order the separate trial of principal and incidental actions.
Although Articles 1736 and 1038 appear to conflict, they can be reconciled. We find the trial court’s ruling does just that. The trial court’s ruling allows the principal and incidental demands to be presented to the jury separately so as to insure fairness and an orderly presentation. It does not violate Article 1736’s prohibition against two separate jury trials, however, because, in fact, both the principal and incidental demands will be presented to the same jury and at the same trial. The court is simply bifurcating the proceeding. We do not find the trial court erred in so ruling. Therefore, the relator’s writ application is denied and the ruling of the trial court is upheld in all respects.
WRIT DENIED.