166 So.2d 279 (1964)
Vernon HICKS et al.
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY et al.
No. 6261.
Court of Appeal of Louisiana, First Circuit.
July 1, 1964.
*280 Taylor, Porter, Brooks, Fuller & Phillips, by Robert J. Vandaworker, and Hebert, Glusman & Moss, by Donn Moss, Baton Rouge, for defendants-relators.
Franklin & Keogh, by Joseph F. Keogh, Baton Rouge, for plaintiffs-respondents.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This matter is before us on an alternative writ of mandamus which this Court issued commanding the Honorable Elmo E. Lear, Judge of the Honorable Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, to show cause why he should not be ordered to vacate his decree of May 5, 1964, fixing this matter for trial by jury on May 25, 1964.
Only issues of law are presented by the application for writs herein filed with this court on behalf of relators, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (sometimes hereinafter referred to as the "Board") and Charles Carter & Company, Inc. (sometimes hereinafter referred to simply as "Carter").
On June 27, 1963, respondents in writs (plaintiffs in the initial action), Vernon and Elizabeth Hicks (husband and wife) filed suit in the Honorable Nineteenth Judicial District Court, Parish of East Baton Rouge, against relators, the Board and Carter, seeking judgment for personal injuries allegedly sustained by Mrs. Hicks in a fall on the campus at Louisiana State University.
Plaintiffs' petition was answered by Carter on March 24, 1964, and by the Board on April 1, 1964. Subsequently on April 14, 1964, separate motions to remove plaintiffs' suit to the United States District Court for the Eastern District of Louisiana, Baton Rouge Division, were filed on behalf of Michigan Mutual Liability Company and American Mutual Liability Insurance Company made third party defendants by relator, Carter.
After removal of this cause to the Federal Court, more precisely on April 15, 1964, plaintiffs, Vernon and Elizabeth Hicks, filed a supplemental and amended petition praying for additional damages and expenses together with a second supplemental and amended petition citing as an additional defendant the corporation known as H. A. Lott, Inc. alleging that said corporation was liable to plaintiffs for the injuries sustained by Mrs. Hicks on the ground that said H. A. Lott, Inc. performed certain work at the site of Mrs. Hicks' accident.
Subsequently the aforesaid United States District Court on May 1, 1964 remanded this matter to the Nineteenth Judicial District Court, East Baton Rouge Parish, in which tribunal plaintiffs filed an ex parte motion on May 4, 1964 for jury trial pursuant to which the honorable trial judge on May 5, 1964, signed a formal order fixing this matter for trial by jury on May 25, 1964. Said ex parte order was then filed May 8, 1964. No service of the order fixing the case for trial by jury was made upon defendant relator, the Board.
Thereafter defendant Carter moved the trial court to set aside and recall its ex parte order for a jury trial which said motion was heard by the trial court on May 18, 1964 and overruled by the court below thus clearing the way for the trial to proceed according to the previous assignment. The Board, however, having received no notice of the assignment of the case for trial by jury prior to the May 18th hearing on defendant Carter's motion, did not move to set aside the assignment as did Carter.
Upon the overruling and dismissing of Carter's motion by the trial court, relators, Carter and the Board, alleging that they had no adequate remedy by appeal and unless restrained the trial court would proceed with the jury trial scheduled for May 25, 1964, applied to this court for writs on the ground that the trial court's order of May 5, 1964 fixing the case for trial by jury on *281 May 25, 1964 afforded them insufficient time to prepare a defense of the action before a jury. Relators' said application further suggests the order for jury trial was improvidently issued in contravention of LSA-C.C.P. art. 1732, which provides that a litigant's request for jury trial must be filed within 10 days of service of the last pleading directed to an issue triable by jury. In this connection relators point out that the last such pleading consisted of the second supplemental and amended petition served on H. A. Lott, Inc. on April 20, 1964, and consequently respondents' application for jury trial was not timely filed inasmuch as it was not filed until May 8, 1964, more than ten days subsequent to the service upon defendant, H. A. Lott, Inc.
In substance relators contend Article 1732 LSA-C.C.P. purports to provide an orderly, workable rule governing the time for application for an order for jury trial and to that end specifies that unless such application is timely made in accordance with the Article's provisions the litigant waives and relinquishes his right to jury trial.
It is to be noted that LSA-C.C.P. Article 1731 expressly recognizes the right to jury trial except as limited by the provisions of LSA-C.C.P. Article 1733, which latter article is inapplicable to the case at bar. The official footnote to Article 1731, supra, unequivocally announces its purpose to preserve inviolate a litigant's right to jury trial.
The jurisprudence likewise establishes that the right of a litigant to jury trial is fundamental in character and the courts will indulge every reasonable presumption against a waiver, loss or forfeiture thereof. Arrington v. McCarty, La.App., 136 So.2d 119.
The present application presents the question of interpretation of LSA-C.C.P. Article 1732, which states: "A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue."
In the case at bar it appears the issue posed by relators' application for writs as well as the contention of respondents that the removal of this cause to the Federal Court suspended the ten day period referred to in LSA-C.C.P., Article 1732, have both become moot inasmuch as subsequent to the granting of the alternative writs which we issued herein on May 21, 1964, an answer was filed herein by defendant H. A. Lott, Inc. on May 26, 1964, replying to plaintiffs' second supplemental and amended petition in the form of a general denial.
It can hardly be argued with any degree of forcefulness that the answer filed herein by H. A. Lott, Inc. on May 26, 1964, was not a pleading which raised an issue triable before a jury inasmuch as the alleged liability of H. A. Lott, Inc., asserted in respondents' second supplemental and amended petition, could hardly be characterized as an issue not triable by jury.
Respondents' application for jury trial, having been filed prior to the answer filed on behalf of defendant, H. A. Lott, Inc., against whom judgment was sought by respondent in writ, was clearly timely filed pursuant to the provisions of LSA-C.C.P. Article 1732 inasmuch as it was filed prior to the date of service of the last pleading raising an issue triable by jury.
Moreover, the basis of relators' complaint, namely, that the trial set for May 25, 1964 afforded them inadequate time for preparation has been swept aside considering said date has now passed thereby necessitating the remand of this matter to the trial court with the result that relators will be afforded ample time to ready their respective defenses.
Accordingly, it is hereby ordered, adjudged and decreed that the alternative writs of certiorari, prohibition and mandamus issued herein on the 21st day of May, 1964, directed to the Honorable Elmo *282 E. Lear, Judge, Division _____, Nineteenth Judicial District Court, shall be and the same are hereby recalled, rescinded and set aside and this cause remanded to the lower court to be reassigned for trial by jury.
Writs recalled and this cause remanded to the trial court for further proceedings.