LOTTINGER, Judge.
This is a suit on a contract wherein Mid-Continent Refrigerator Company, plaintiff-appellee, leased to Joe Hurst, d/b/a Joe Hurst Grocery, defendant-appellant, certain refrigeration display boxes for a stipulated monthly rental. Mid-Continent Refrigerator Company (hereinafter sometimes referred to as Mid-Continent) seeks to be awarded the full amount of the rental payments, less what has already been paid, interest, attorney’s fees, damages and the right to take possession of the *735 leased merchandise; and in the alternative, to have judgment in its favor rescinding the contract of lease and to be awarded the rental payments up until the lease is declared rescinded, interest, attorney’s fees and damages. The Trial Court ruled in favor of Mid-Continent, plaintiff-appellee, from which judgment the defendant-appellant has perfected this appeal.
The record points out without question that the lease agreement between Mid-Continent and Joe Hurst, d/b/a Joe Hurst Grocery, was signed and acknowledged by Joe Hurst on September 14, 1965, and was accepted by Mid-Continent on September 16, 1965. The lease provided that Joe Hurst was to make thirty-seven installments of $116.00 each, commencing on October 5, 1965, and on the same day of each month thereafter until thirty-seven months had elapsed. The defendant made a down payment of $232.00, which amount is a credit against the total rental figure of $4,292.00. The defendant-appellant-lessee failed to pay the monthly installments of October, November and December of 1965, and January and February of 1966.
On February 25, 1966, Mid-Continent, exercising its right to declare the entire amount of rent due and payable as stipulated in the lease agreement, filed suit for the balance due. Mid-Continent further prayed for attorney’s fees and the estimated cost of recrating and shipping the equipment back to its destination. On April 4, 1966, a “Motion and Order for Extension of Time to Plead”, was signed by a District Judge, and same was filed on May 5, 1966. On May 12, 1966, the defendant appellant filed his answer wherein he “generally denied” all allegations of the plaintiff’s petition. The defendant in his answer as filed on May 12, 1966, alleges that “the transaction upon which this suit is allegedly based was brought about through fraud, misrepresentation and deceit practiced upon defendant by plaintiff and his authorized representative or representatives * * The minutes of the Trial Court show that on May 14, 1966, this case was assigned for trial on the merits for June 16, 1966. On June 16, 1966, a continuance was granted to the defendant-appellant and the matter was continued and reassigned for trial for October 10, 1966. Further, on June 16, 1966, the defendant-appellant filed an “Exception of No Cause of a Right of Action”, and a motion for trial by jury. The Trial Judge overruled the motion for trial by jury, and referred the “Exception of No Cause of a Right of Action” to the merits. On October 5, 1966, plaintiff-ap-pellee filed a “Supplemental and Amended Petition” with the consent of Court, whereby he supplemented and amended his original petition by pleading in the alternative that if the Trial Court should find that there was no lease between the plaintiff and the defendant, but rather that the purported lease agreement was in fact a contract of sale, then the petitioner alleged that it had a vendor’s lien and privilege on the items listed in the agreement.
The Trial Court found judgment in favor of the plaintiff, Mid-Continent, and ordered the termination of the lease agreement because of the default of the defendant, Joe Hurst, and further ordered that Joe Hurst, d/b/a Joe Hurst Grocery, be ordered to surrender to the plaintiff the merchandise as described in the lease agreement. It was further ordered that there be judgment in favor of the plaintiff, in the sum of $1,740.00, representing rental payments due from October 5, 1965, through December 5, 1966, together with six per cent per annum interest on each overdue payment from the date that it became overdue until paid, less a credit due Joe Hurst of $232.00 for rental paid. It was further ordered that there be judgment in favor of Mid-Continent in the amount of $500.00 for attorney’s fees incurred by Mid-Continent for the trial of this matter in the District Court, and that Mid-Continent be further awarded the sum of $300.00 for the cost of recrating and reshipping the leased merchandise to Mid-Continent’s plant in Denver, Colorado, and the further sum of $50.00 for reconditioning said equipment.
*736 The defendant-appellant has made no attack on the findings of the Trial Judge as far as the merits of this case are concerned, and we therefore assume that he is satisfied with this portion of the decision. The defendant-appellant has alleged three specifications of error, none of which refer to the merits of this case, namely:
“I.
The Court erred in trying the matter as it was premature due to the fact that plaintiff filed a supplemental petition on October 5th, and the legal delays had not run at the time of the trial date, October 10th.
“II.
The Court erred in not permitting defendant to have a jury trial.
“HI.
The Court erred when it overruled defendant-appellant’s exception and allowing plaintiff to proceed when it had not shown that as a foreign corporation it had complied with the laws of the State of Louisiana.”
We shall now discuss each specification of error separately.
PREMATURITY
Defendant-appellant contends that the Trial Judge prematurely allowed this case to go to trial, inasmuch as the Trial Judge permitted the plaintiff-appellee to file supplemental and amending pleadings on the fifth day of October, five days prior to trial, and would not thereafter permit the defendant to file an answer to the supplemental and amending pleadings.
With the permission of the Trial Court, the plaintiff-appellee supplemented and amended his original petition by adding the following paragraph:
“In the alternative, and only in the alternative, should this Honorable Court, for some reason unknown to your petitioner, refuse any and all of petitioner’s above demand, and for some reason unknown to your petitioner, hold any of the above demands inconsistent or any of the above obligations as contradictory or violative of Louisiana law, and further hold the written contract of lease dated September 16, 1965, between petitioner and defendant, a certified copy of which lease is attached hereto and made a part hereof as if copied in extenso, is in fact a contract of sale, and your petitioner shows that it has a vendor’s lien and privilege on the items and merchandise listed in the said lease and set out in Article 2 of this petition, 'to secure payment of the sum of Four Thousand Sixty and no/100 Dollars ($4,060.00) and in addition is entitled according to the contract to the sum of Twelve Hundred Dollars ($1,200.-00) as attorney’s fees and additional damages in the amount of Seven Hundred Fifty and no/100 Dollars ($750.00) as estimated cost for recrating equipment and shipment of same to Colorado.”
In this pleading, plaintiff-appellee reiterated the prayer of his original petition and then further prayed in accordance with the additional paragraph. Service was accepted by the attorney for the defendant on October 4, 1966. This supplemental and amending pleading does not allege any additional facts, or any facts of which the defendant was not already apprised. At the commencement of the trial on October 10, 1966, counsel for the defendant vigorously pleaded for a continuance, but not on the grounds that he had not as of that time had an opportunity to file an answer to the supplemental and amending petition. There was no objection from the defendant of going on with the trial on the grounds that an answer to the supplemental and *737 amending petition had not as of yet been filed.
 In line with our holding in Bryan v. Ivey, 114 So.2d 88 (La.App.1st Cir., 1959) we can see no merit to the defendant’s complaint that the Court erred in allowing this matter to go to trial prior to an answer being filed by him to the plaintiff’s supplemental and amending petition. There can certainly have been no surprise on the part of the defendant by what was contained in the supplemental and amending petition, and since he would not have been surprised by its contents, we feel that no prejudice was done to the defendant by his going to trial. The defendant’s failure to object to going to trial on the ground that he had not answered the supplemental and amending petition constitutes a waiver of any objection that he may have had thereto, and further constitutes a waiver of his right to answer the supplemental and amending petition.
REQUEST FOR A JURY TRIAL
The answer of the defendant-appellant was filed and served on May 12, 1966, and the motion for trial by jury was made on June 16, 1966, not within the delay as specified in LSA-C.C.P. Art. 1732, which provides:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
In support of his contention that the Trial Judge erred in denying his motion for a jury trial, the defendant-appellant cites the case of Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279 (La.App. 1st Cir. 1964), for the proposition that “courts will indulge every reasonable presumption against waiver, loss, or forfeiture of right of litigant to jury trial”. The Hicks case was a tort action wherein suit was filed on June 27, 1963, and the last answer to be filed by one of several defendants was on April 1, 1964; subsequently, on April 15, 1964, the plaintiffs filed a supplemental and amended petition which was served on April 20, 1964. The application for jury trial was filed on May 8, 1964, more than ten days subsequent to the service of the supplemental and amended petition upon the defendant. The Trial Judge in the Hicks case ordered a trial by jury, and the matter was before this Court on a writ of mandamus commanding the Trial Judge to show cause why he should not be ordered to vacate his order fixing the trial by jury inasmuch as the motion for trial by jury was filed more than ten days subsequent to the service of the supplemental and amended petition of the defendant. Subsequent to this Court’s granting of the writs, an answer was filed by the defendant who was served on April 20, which answer was filed on May 26.
We simply held in the Hicks case, supra:
“It can hardly be argued with any degree of forcefulness that the answer filed herein by H. A. Lott, Inc. on May 26, 1964, was not a pleading which raised an issue triable before a jury inasmuch as the alleged liability of H. A. Lott, Inc., asserted in respondents’ second supplemental and amended petition, could hardly be characterized as an issue not triable by jury.
“Respondents’ application for jury trial, having been filed prior to the answer filed on behalf of defendant, H. A. Lott, Inc., against whom judgment was sought by respondent in writ, was clearly timely filed pursuant to the provisions of LSA-C.C.P. Article 1732 inasmuch as it was filed prior to the date of service of the last pleading raising an issue triable by jury.”
Therefore, though under the facts of the Hicks case, the Trial Judge might have been in error when he originally granted the motion for trial by jury, his error was cured by the subsequent filing of the answer by H. A. Lott, Inc., on May 26, 1964.
*738 Arrington v. McCarty, 136 So.2d 119 (La.App. 3rd Cir. 1962), as cited in Hicks v. Board of Supervisors of Louisiana State University, supra, stands for the proposition that:
“ * * * Once the plaintiff in a cause asks for and is granted a jury trial, under the provisions of LSA-C.C.P. Article 1732, any incidental demands by any party to the suit may also be tried by a jury without his making a specific demand for a jury trial, subject to the provisions of LSA-C.C.P. Article 1735.”
The Court in the Arrington case further went on to state “that a liberal construction should be given to the provisions of LSA-C.C.P. Articles 1731 and 1732 since they do not deal with criminal or penal statutes.” This statement of the Court in the Arring-ton case must be taken in light of the facts of that case, as well as the statement of the Court in the Hicks case, supra, to-wit:
“The jurisprudence likewise establishes that the right of a litigant to jury trial is fundamental in character and the courts will indulge every reasonable presumption against a waiver, loss or forfeiture thereof.”
The instant case is similar to Hicks v. Board of Supervisors of Louisiana State University, supra, in that subsequent to a motion for a jury trial, an additional pleading directed to an issue triable of right by a jury was filed, but this is the only similarity between the two cases. In the Hicks case, there was no question but that the order granting the trial by jury was in error inasmuch as the motion requesting a jury trial had been filed more than ten days after the service of the last pleading directed to an issue triable of right by a jury, and because of the fact that a pleading was filed after the motion for a trial by jury had been filed, and this subsequent pleading was directed to an issue triable of right by a jury, we upheld the order granting the trial by jury. But in the instant case, there is no question but that the Trial Judge was eminently correct and proper in denying the motion for a trial by jury when the motion was filed more than ten days after the service of the last pleading directed to any issue triable of right by a jury. We are of the opinion that the subsequent pleading filed by the plaintiff, i. e. supplemental and amended petition, cannot place the Trial Judge in the position of having been erroneous in his ruling of denying the motion for a trial by jury. There is no question but that the defendant could have, after the filing and service of the supplemental and amended petition, and within ten days thereof, again moved for a trial by jury, and if this he would have done, the Trial Judge would have been required to grant his motion, but this he did not do. In proceeding to trial without a further request for a jury trial, the defendant has waived any rights he may have had to a jury trial. Therefore, we find no error on the part of the Trial Judge in denying the motion for a trial by jury.
CAPACITY TO SUE
Defendant-appellant contends that the Trial Court erred when it overruled his exception of “No Cause of a Right of Action” which was based upon appellee, Mid-Continent Refrigeration Co.’s alleged incapacity to institute this suit, inasmuch as the plaintiff-appellee has not met the requirements of LSA-R.S. 12:211, which provides :
“A. No corporation doing business in this state shall be permitted to present any judicial demand before any court of this state, unless it has complied with the laws of this state for doing business herein, and has paid all taxes, excises, and licenses due to the state. 'Phis Section shall not be construed to prevent the bringing of a cause of action against any corporation.
“B. The burden of proof shall resl upon the corporation to establish that ii has complied with the laws of this slate f(,| *739 doing business herein. The only legal evidence of such compliance shall be the certificate of the Secretary of State or a duly authenticated copy thereof.
“C. The burden of proving that a .corporation has not paid any tax, excise or license due to the state shall rest upon the party asserting such fact, which fact may be proved by a certificate from the proper tax collector or by any other competent evidence.”
We had in J. R. Watkins Company v. Floyd, 119 So.2d 164 (La.App. 1st Cir., 1960) the occasion to discuss this same point, wherein we said at page 166:
“From what was said by the Supreme Court in the Outdoor Electric case (Outdoor Electric Advertising, Inc. v. Saurage, 1945, 207 La. 344, 21 So.2d 375) and in the earlier case of Hess Warming & Ventilating Co., Inc. v. Home Comforts Corp., 1944, 205 La. 1045, 18 So.2d 611, we feel that it is now clear that the proper procedural exception for invoking the provisions of LSA-R.S. 12:211 is the exception to procedural capacity. See also McMahon, Louisiana Practice 350 (1956 Supp.).”
The lack of procedural capacity is an objection which may be raised through the dilatory exception, LSA-C.C.P. Art. 926:
“The objections which may be raised through the dilatory exception include, but are not limited to, the following:
(1) Prematurity;
(2) Want of amicable demand;
(3) Unauthorized use of summary proceeding ;
(4) Nonconformity of the petition with any of the requirements of Article 891;
(5) Vagueness or ambiguity of the petition;
(6) Lack of procedural capacity;
(7) Improper cumulation of actions, including improper joinder of parties;
(8) Nonjoinder of necessary party; and
(9) Discussion.
All objections which may be raised through the dilatory exception are waived unless pleaded therein.”
and must be pleaded prior to the filing of an answer, LSA-C.C.P. Art. 928:
“The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
“The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision.”
The defendant-appellant filed his answer on May 12, 1966, and his exception of “No Right of a Cause of Action” was filed on June 16, 1966. Therefore, since the exception was not filed prior to answer, there was no error on the part of the Trial Judge in overruling the exception.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed at the cost of defendant-appellant.
Judgment affirmed.