LANDRY, Judge.
Plaintiff, in this action for damages for personal injuries, seeks certiorari and mandamus to set aside a judgment of the trial court excepting two of six alleged solidary obligors from a prior order granting trial by jury. We find the lower court erred in this respect and order the two excluded defendants amenable to jury trial.
The pivotal issue is whether plaintiff timely applied for a jury trial as to the defendants concerned.
On April 3, 1967, plaintiff filed suit against I. E. Miller and Sons, I. E. Miller, Lonny Smith, John Doe, John Doe Insurance Company and Patterson Truck Lines, Inc. The petition recites plaintiff’s injury resulting from a fall from an oil rig owned by plaintiff’s employer, Fred Wilson Drilling Company. Plaintiff alleges his injuries resulted from the negligence of the employees of I. E. Miller and Sons, a partnership, I. E. Miller, individually, Lonny Smith and John Doe as employees of The Superior Oil Company, insureds of the John Doe Insurance Company, and the employees of Patterson Truck Lines, Inc.
On May 12, 1967, the Miller partnership and Miller individually filed answer to plaintiff’s complaint. In September, 1967, these same defendants amended their answers.
Subsequently, on November 4, 1968, plaintiff moved ex parte for and was granted leave of court to amend and supplement his original petition to substitute James C. Winfrile, employee of Superior Oil Company, as defendant in place of John Doe and The Insurance Company of North America as defendant in lieu of John Doe Insurance Company. The supplemental and amended petition also prayed for judgment against all six defendants in solido. Additionally it requested trial by jury which was granted by the lower court.
On February 12, 1969, the Miller partnership and Miller individually moved to vacate the order for jury trial insofar as it pertained to them. The motion to vacate was sustained by judgment of the trial court rendered August 7, 1969, setting aside the order for jury trial as to the issues between plaintiff and the Miller partnership and Miller individually.
Relying on Hicks v. Board of Supervisors of Louisiana State University, La.App., 166 So.2d 279, relator maintains that when one party timely applies for a jury trial he is entitled of right to trial by jury as to all issues and all other parties. Contrarily, respondents maintain on authority of Morgan v. Toups-Cook Truck *771 Sales, Inc., La.App., 178 So.2d 786, the time for applying for jury trial as to each party is ten days within the joinder of issue as between the respective parties. On this presumption, respondents argued that since issue was joined between plaintiff and respondents when respondents’ answers were filed on May 12, 1967, application for jury trials as to respondents must have been made within 10 days of filing of their answers.
LSA-C.C.P. Article 1732, which is pertinent to the issue, states:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
In the Official Revision Comments on the foregoing article, we note paragraph (b) which provides:
“(b) Normally, the demand for a jury trial would be made by the plaintiff in his petition, or made by the defendant in his answer. If not made then, under the above article it may be made in a supplemental pleading filed timely. This supplemental pleading would have to be filed not later than ten days after service of the answer, if there was no incidental demand; or not later than ten days after service of the answer to the incidental demand. However made, the pleading in which it was made would have to be served on the adverse party. See Art. 1312, supra.”
The right to jury trial is fundamental and the courts will indulge every reasonable presumption against its loss, waiver or forfeiture. Hicks, above, and cases therein cited.
Moreover, our law expressly recognizes that a jury trial may be had as to certain issues only, but that in every case there shall be but one trial. LSA-C.C.P. Article 1735 and the Official Revision Comments thereon.
Our re-examination of Hicks and Morgan, above, does not support the contentions made by respondents. Hicks involved the filing of supplemental petitions which made an additional claim for damages and expenses against all defendants and also cited an additional party as defendant. More than 10 days after filing these supplemental petitions, but before the last cited defendant answered, plaintiff applied for a jury trial as to all defendants. In effect, Hicks held the application for jury trial was timely because it was filed BEFORE (emphasis supplied) the filing of the last pleading raising an issue triable by jury. Hicks also held jury trial was in order as to all defendants because issues were raised as to all defendants by the answer filed by a defendant after jury trial was requested.
Counsel for respondents is mistaken in contending Morgan, above, stands for the rule that a motion for jury trial must be made within 10 days of the joinder of issue between the various parties to a suit.
Morgan, above, was totally dissimilar to Hicks. In Morgan, an additional defendant was joined after trial on the merits and submission of the cause as between plaintiff and the original defendants. The new defendant answered and requested jury trial as to the issues against him, which request was granted. Plaintiff then successfully moved for and obtained recall of the judgment ordering the jury trial as to the new defendant. On appeal we held there were no issues between plaintiff and the new defendant until the latter filed his answer. We concluded further that since the new defendant’s answer was accompanied by an application for jury trial, the request was timely and entitled him to trial by jury as to all issues between him and plaintiff.
We wish to dispel all doubt regarding our holding in Morgan, above. Granted we did therein discuss joinder of issue, we did not, however, hold a jury trial must be applied for within 10 days of joining of *772 issue between the parties. To so hold, would contravene the express provisions of LSA-C.C.P. Article 1732. The statute does not limit application for jury trials to a 10 day period following joinder of issue between the parties. Rather, it provides the application may be made “IN A PLEADING FILED NOT LATER THAN TEN DAYS AFTER THE SERVICE OF THE LAST PLEADING DIRECTED TO SUCH ISSUE.” (Emphasis supplied.)
Respondents maintain that allowing application for jury trial to be made later than 10 days after joinder of issue will lead to ridiculous results. In this regard it is contended that a party may, by the simple expedient of filing unfounded amended pleadings after joinder of issue, extend indefinitely the time for applying for jury trial. Extending their argument, respondents maintain a litigant could, during the course of trial which may be going unfavorably, obtain a new trial by joining an additional defendant and requesting jury trial, thus creating chaos in the courts.
As stated in the Official Revision Comments to Article 1732, normally plaintiff will request a jury trial in his petition or defendant in his answer. If not made then, it may be made in a timely filed supplemental pleading, that is one filed within 10 days of service of defendant’s answer, if the answer contained no incidental demand. If the answer contained an incidental demand the request for jury trial could be made within 10 days of service of the answer to the incidental demand. We note that the comment indicates the mentioned situations constitute the normal circumstances in which applications for jury trial will be made. It is significant that the comment does not infer the mentioned stages of the trial are intended to be exclusive insofar as concerns the time for filing an application for jury trial. We note the statute does not commence the filing period as of the date of service of the pleading which joins issue between parties. Rather, in clear language it states the time for filing commences with service of the LAST pleading directed to an issue triable by jury. (Emphasis supplied.)
We are not here concerned with a case in which a new party is joined during a trial before the court and a jury trial is asked for on behalf of the new litigant. We can readily perceive the complications attending such a situation. It suffices for present purposes to say that if the legislature does not statutorily provide a solution to the problem, the courts will cope as best they can with this particular issue when it is squarely presented.
Nor are we particularly disturbed by the possibility that unfounded amended pleadings may be resorted to by litigants to obtain a jury trial as a matter of afterthought. In a proper case, this court would have no hesitancy in striking down such an application. So far as this tribunal is concerned, each such instance must be judged in the light of its own peculiar circumstances.
So far as this record shows, the instant case involves a good faith substitution of two specifically named defendants in lieu of parties whose identities were hitherto unknown to plaintiff and were consequently initially designated as “John Doe” and “John Doe Insurance Company”. Moreover, the amended pleading prays for judgment in solido against the substituted parties and all the remaining initial defendants, respondents included. The pleading addresses itself to the issue of respondents’ alleged solidary liability with the substituted parties, a matter clearly triable by jury.
It is ordered, adjudged and decreed that plaintiff’s application for writs of certiora-ri and mandamus be made absolute and the Honorable Remy Chiasson, Judge, Seventeenth Judicial District Court, Terrebonne Parish, be and he is hereby ordered and directed to reinstate its order of November 5, 1968, granting a jury trial as to all defendants in this matter including I. E. Miller and Sons and I. E. Miller, individually.
*773 It is further ordered, adjudged and decreed that this matter be and the same is hereby remanded to the lower court for further proceedings consistent with the views herein expressed.
Remanded.