LEMMON, Judge.
In the exercise of our supervisory jurisdiction we granted Mrs. Thomas Barberi-to’s application for a writ of certiorari in order to ascertain the validity of the trial court’s denial of her motion for a jury trial.
The suit was commenced by the filing of a petition for damages, which was separately answered by the two defendants, Barbara Green and Colonial American Life Insurance Company. More than two years later, and shortly before the date assigned for trial, plaintiff through new counsel filed a supplemental and amending petition which increased her demand for past and future medical expenses from $4,000.00 to $14,000.00 and for loss of wages from $7,800.00 to $37,800.00, the latter figure including future loss of wages.
Both defendants answered, and within ten days of the filing of the last answer, plaintiff moved for a jury trial. The trial court denied the motion.
We granted certiorari, Regan, J., dissenting, because of our preliminary disagreement over the interpretation of C.C.P. art. 1732 and because of language used by another circuit in interpreting that codal provision in previous cases.[1]
C.C.P. art. 1732 reads:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
The official revision comment states:
“Normally, the demand for a jury trial would be made by the plaintiff in his petition, or made by the defendant in his answer. If not made then, under the above article it may be made in a supplemental pleading filed timely. This supplemental pleading would have to be filed not later than ten days after service of the answer, if there was no incidental demand; or not later than ten days after service of the answer to the incidental demand.”
The parties concede that there is no absolute right to a jury trial in civil cases. But counsel for Mrs. Barberito urges that where the right to trial by jury is provided, courts should indulge every reasonable presumption against a waiver, loss or forfeiture thereof. See Hicks v. Board of Supervisors of Louisiana State University, supra.
Then to the argument that allowing the right to a jury trial to be revived by any supplemental pleading will lead to absurd consequences (such as amending the petition to increase the demand for damages by $1.00), counsel answers that the trial judge can control this, since supplemental pleadings at that stage can only be filed with leave of court or with written consent of the adverse party. C.C.P. art. 1151. Counsel points out that the trial judge can deny (or vacate) the order required to file supplemental pleadings, if such pleadings are frivolous.
While we recognize that this would be a reasonable procedure for vesting .the trial judge with discretion in the granting of jury trials, the legislature did not confer to litigants the right to apply for a jury trial at any time within the sound discretion of the trial judge. The redactors of the code and the legislature sought to set a definite time limit within which the request for a jury trial must be made.
*584 “The last pleading directed to such issue” is subject to several interpretations. However, an interpretation that this phrase means any last pleading directed to an issue already raised would emasculate the limiting effect of the article or at best would place the decision whether or not to observe the intended limitation within the trial judge’s discretion.
The legislative intent of C.C.P. art. 1732 was to grant the right to a trial by jury in most civil cases and to set the time within which the demand for a jury trial must be filed.
While the right to trial by jury is fundamental and the presumption is against waiver of that right, once a party does waive that right by failing to file a timely demand, he cannot untilize an amended pleading to give rise to a new right to a jury trial on issues raised by the original pleadings.
This interpretation of C.C.P. art. 1732 is consistent with the Federal decisions under Federal Rule 38(b), which is the source of our procedural article. See 2B Barron and Holtzoff, Federal Practice and Procedure, § 878 (1961); 9 Wright and Miller, Federal Practice and Procedure, § 2320 (1971).
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed,

. See Stone v. I. E. Miller & Sons, 227 So.2d 769 (La.App. 1 Cir. 1969) ; Mid-Continent Refrigerator Co. v. Hurst, 205 So.2d 734 (La.App. 1 Cir. 1967) ; Abercrombie v. Gilfoil, 205 So.2d 461 (La. App. 1 Cir. 1967) ; and Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279 (La.App. 1 Cir. 1964).