GULOTTA, Judge
(dissenting).
I respectfully dissent from the conclusions reached by the majority.
I am of the opinion that the restricted interpretation of LSA-C.C.P. 1732 by the majority is inconsistent with the presumption in favor of allowing jury trials and against the waiver thereof.
I fail to 'find validity in this conclusion either from a reading of the statute or from our jurisprudence. It is my opinion that the language referring to the last pleading directed to the issue includes any pleading directed to the issues involved in the particular litigation. Quantum is an issue in this matter. The answer to the supplemental and amended petition is the last pleading addressed to tljat issue and the request for jury trial is made within 10 days of the filing of this answer. In. concluding otherwise, as does the majority, we defeat the basic concept as reflected in Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279, which is, that where the right to a jury trial is provided, courts should indulge every reasonable presumption against a waiver, loss or forfeiture thereof.
In Mid Continent Refrigerator Company v. Hurst, 20S So.2d 734, the court affirmed the trial court’s denial of a request for jury trial, made by the defendant, and filed more than 10 days after the service of an answer filed by the defendant. However, a supplemental and amended petition was filed more than 10 days subsequent to the service of the answer. The supplemental petition, according to the court, contained no new or additional facts or any facts of which the defendants were not already apprised. The court stated on page 738:
“There is no question but that the defendant could have, after the filing and service of the supplemental and amended petition, and within ten days thereof, again moved for a trial by jury, and if this he would have done, the Trial Judge would have been required to grant his motion, but this he did not do. In proceeding to trial without a further request for a jury trial, the defendant has waived any rights he may have had to a jury trial.”
Accordingly, I am of the opinion that the legislative intent was not to convey such a restricted meaning to the statute as reflected by the majority opinion. If an ambiguity exists in the statute, I am of the opinion that a more liberal interpretation, so as to allow jury trials, is more consistent with the intent. I respectfully dissent.