BAILES, Justice.
This is a tort action in which the sole issue before us is whether plaintiff is entitled to have her suit tried by jury. More narrowly stated, the question for our resolution is whether plaintiff’s request for a jury trial was timely under the provisions of LSA-C.C.P. Article 1732.
The trial judge refused to sign the order for the jury trial, and after contradictory hearing on a rule nisi obtained against defendants by plaintiff, the trial judge maintained his prior denial of the sought for order.
The reasons for the holding of the trial judge are not in the record, however, it is apparent that the motion was denied as not timely filed. At the instant of plaintiff, the Court of Appeal, Fourth Circuit, granted a writ of certiorari to ascertain the validity of her motion. 258 So.2d 582. By a divided court the Court of Appeal affirmed the ruling of the trial court. Then plaintiff applied to this court for writs and we granted a writ of review. 261 La. 523, 260 So.2d 315.
To put the issue in proper perspective it is important that the chronology of the pleadings be set; forth:
July 28, 1969 — Plaintiff filed petition setting forth claim against Miss Bar *409 bara Green and Colonial American Life Insurance Co.;
August 29, 1969 — Answer of Colonial American Life Insurance Co. filed;
October 8, 1969 — Answer of Barbara Green filed;
October 20, 1971 — Supplemental and amending petition filed with leave of trial court;
October 29, 1971 — Answer of Colonial American Life Insurance Company filed to amended petition ;
November 18, 1971 — Answer of Barbara Green filed to amended petition; and on
November 22, 1971 — Motion for jury trial filed.
In sustaining the ruling of the trial court, the Court of Appeal, inter alia, stated:
“ * * * The redactors of the code and the legislature sought to set a definite time limit within which the request for a jury trial must be made.
“ ‘The last pleading directed to such issue’ is subject to several interpretations. However, an interpretation that this phrase means any last pleading directed to an issue already raised would emasculate the limiting effect of the article or at best would place the decision whether or not to observe the intended limitation within the trial judge’s discretion.
“The legislative intent of C.C.P. art. 1732 was to grant the right to a trial by jury in most civil cases and to set the time within which the demand for a jury trial must be filed.
“While the right to trial by jury is fundamental and the presumption is against waiver of that right, once a party does waive that right by failing to file a timely demand, he cannot utilize an amended pleading to give rise to a new right to a jury trial on issues raised by the original pleadings.”
Judge Gulotta, dissenting from the majority holding, was of the opinion that the language referring to the last pleading directed to the issue' includes any pleading directed to the issues of the suit, that quantum was an issue, that the answer to the supplemental petition was the last pleading addressed to that issue, and that the request for jury trial was timely filed.
LSA-C.C.P. Article 1732, provides:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.” Also see LSA-C. C.P. articles 1731, 1733-1735.
These articles collectively reflect that the intent of the law is to permit all questions at issue in a lawsuit to be tried before the jury, and Article 1734 is the procedural authority for a party to specify which issue or issues he wishes to be tried by jury. Absent any specification of restriction all issues shall be tried by the jury when trial by jury is properly requested.
In plaintiff’s petition there are at least two principal issues raised. One issue is liability of the defendants for the alleged injury to plaintiff, and the other issue is that of damages and the amount thereof.
Respondents (defendants) argue that inasmuch as the plaintiff’s supplemental petition asking for an increase in damages did not raise a new issue, the trial court was not in error in denying her motion for a jury trial.
We find there is no requirement in Article 1732 that the motion for a jury trial must be filed not later than ten days after the service of the last pleading raising a new issue.
While our holding herein is contrary to the Federal courts’ interpretation of Rule *410 38(b), the counterpart to our C.C.P. Article 1732, their holding is perhaps justified in the context of the federal procedure. See Moore’s Federal Practice, vol. 5, page 328.3, ¶[ 38.41.
There is within the provisions of the Code of Civil Procedure the necessary safeguard against any abuse of the provisions of Article 1732 by the filing of amending pleadings. The trial judge, in the exercise of discretion may not allow the filing of such amending pleadings which he finds are proffered for the purpose of circumventing the limitations in this article. See C.C.P. Article 1151.
In the supplemental petition, the plaintiff increased her demand for damages (one issue) for future medical expenses and future loss of wages by a substantial amount, and it was filed with leave of court. The answer of defendant, Barbara Green, filed November 18, 1971, to this supplemental petition was the last pleading directed to the issue of damages. Plaintiff’s motion for jury trial was filed within ten days thereof, and timely.
For the foregoing reasons, we reverse the judgments of the Court of Appeal, Fourth Circuit, and the Civil District Court of Orleans Parish denying plaintiff a jury trial, and the matter is remanded to the trial court for further proceedings in accordance with law. Defendants-respondents are cast for all court costs attributable to the subject matter of this proceeding in the trial court, Court of Appeal and in this court; all other costs to wait the final judgment.
Reversed and remanded.
SANDERS, C. J., dissents, being of the opinion the judgment of the Court of Appeal is correct. See 258 So.2d 582.