LOTTINGER, Judge.
These are consolidated suits arising out of the same vehicular accident.
One of the plaintiffs, Roy Case (Case), was a guest passenger in a pickup truck owned and operated by Jimmy C. Este, and was badly injured when Este ran into a large tractor-trailer unit owned by Arrow Trucking Company (Arrow). Este was *1251 killed in the accident and his wife, Dianna Cheramie Este is the administratrix of his succession.
On February 11, 1975, Case filed suit against Allstate Insurance Company (Allstate), Este’s insurer; Darrell W. Smith (Smith) driver of tractor-trailer unit; Arrow Trucking Company, Smith’s employer; and Continental Insurance Company (Continental) and Reserve Insurance Company (Reserve), Arrow’s insurers. Case did not request a jury trial. The defendants answered and filed third party demands against Dianna C. Este as administratrix. Neither the defendants nor the administra-trix requested a jury trial.
Separately, on July 29, 1976, Dianna Cheramie Este filed suit on her own behalf as well as her children, for the death of Jimmy C. Este, against Smith, Arrow, Continental and Reserve, and requested a jury trial. The two suits were consolidated for trial.
Then, on February 25, 1977, Case in his suit filed an amending petition joining Dianna C. Este as administratrix as a principal defendant. She answered and third parties Smith, Arrow, Continental and Reserve, and requested a jury trial as against Case and the third party defendants. The Trial Court denied her request for a jury trial as against Smith, Arrow, Continental and Reserve. This Court on March 15, 1977, issued alternative writs of mandamus, certiorari and prohibition directing the Trial Judge to grant Dianna C. Este, as admin-istratrix of the succession of Jimmy C. Este, as third party plaintiff, a jury trial as against the third party defendants, Smith, Arrow, Continental and Reserve, or in the alternative, for the Trial Judge and the respondents to show cause by brief on or before April 15, 1977, why the writ should not be made peremptory. The Trial Judge and the respondents have elected the alternative.
In taking the alternative, respondents argue that the sole purpose of the amended petition is to add the administratrix as a direct defendant, and that this is not the kind of issue referred to in LSA-C.C.P. art. 1732. This does not create a new issue because the administratrix was already in the suit as a third party defendant. They next argue that since one and one half years has transpired between the filing of all pleadings and the amended petition and request for jury trial, and the administra-trix did not request a jury trial in her answer to the third party demand, she has waived her right to a jury trial.
We appreciate respondents’ argument that the administratrix was already a defendant by the third party demand and that the negligence of the deceased was already an issue, but as our Supreme Court said in Barberito v. Green, 275 So.2d 407 (La.1973):
“We find there is no requirement in Article 1732 that the motion for a jury trial must be filed not later than ten days after the service of the last pleading raising a new issue, (emphasis by this Court) “While our holding herein is contrary to the Federal courts’ interpretation of Rule 38(B), the counterpart to our C.C.P. Article 1732, their holding is perhaps justified in the context of the federal procedure. See Moore’s Federal Practice, vol. 5, page 328.3 ¶38.41.
“There is within the provisions of the Code of Civil Procedure the necessary safeguard against any abuse of the provisions of Article 1732 by the filing of amending pleadings. The trial judge, in the exercise of discretion may not allow the filing of such amending pleadings which he finds are proffered for the purpose of circumventing the limitations in this article. See C.C.P. Article 1151.”
Therefore, even though the negligence of Jimmy C. Este was already at issue, his succession was not a principal defendant, and any pleading which makes his succession a principal defendant does present an issue triable by jury.
As to the argument of waiver of jury trial because of lapse of time, we disagree. See Barberito v. Green, supra.
Therefore, for the above and foregoing reasons, the writ issued by this Court is made peremptory. This matter is remand *1252 ed to the Trial Court for further proceedings in accordance with the views expressed herein. All costs of this proceeding before this Court are taxed to respondents.
WRIT MADE PEREMPTORY.