FERRIS et al. v. FARNSWORTH TELE-
VISION & RADIO CORPORATION,
et al.

United States District Court
S. D. New York.

Feb. 25, 1947.

Supplemental Opinion April 21, 1947.

George A. Ferris, of New York City (Albert Adams, of New York City, of counsel), for plaintiff.

Paul, Weiss, Wharton & Garrison, of New York City (Samuel J. Silverman, and Joseph Good Jr., both of New York City, of counsel), for defendant Farnsworth Television & Radio Corp.

William Feinberg, of Mt. Vernon, for defendant Brodbeck.

HULBERT, District Judge.

Motion to remand. It is the settled law that a removal to the District

Court brings over the whole suit. The proceedings in the State Court are perfunctory. It is the duty, however, of this court, to determine its jurisdiction.

This action was commenced in the New York State Supreme Court, Westchester County, in October 1945 to recover damages for alleged conspiracy and violation of Section 580 of the Penal Law, Consol. Laws, c. 40, and Section 340 of the General Business Law of the State of New York, Consol.Laws, c. 20.

The defendant Farnsworth Television & Radio Corporation was incorporated under the laws of the State of Delaware, and authorized to carry on business in the State of New York. It was and is a manufacturer and distributor of certain specially designed radios and phonographs known as the Capehart and the Capehart-Panamuse.

One McAllister, since eliminated as a defendant, was a district manager for the defendant Farnsworth in charge of its Westchester territory.

The plaintiff and defendant Brodbeck were independent retail dealers in radios and phonographs and competitors in the same community in Westchester County (Bronxville).

In 1940 the plaintiff began to purchase Capehart and Capehart-Panamuse products from the defendant corporation, but claims that during the war years the corporation represented to the plaintiff that it was unable to supply such products to plaintiff or anybody else; however, it requested the plaintiff to continue to advertise (for which it agreed to pay a proportion of that expense) and procure a list of customers and endeavor to secure orders for said machines; this the plaintiff did relying upon the promises and representations of the corporate defendant that upon the termination of the war and resumption to normal activity the corporation would continue to supply the plaintiff with Capehart and Capehart-Panamuses for his customers; that sometime in 1945 the defendants entered into a conspiracy whereby Brodbeck was made an exclusive dealer of the defendant corporation which refused to deal with or sell to plaintiff any more of its products.

The answer of each of the defendants to the complaint contains a general denial, in addition to which the corporate defendant set up a separate defense alleging that plaintiff was an authorized dealer in Capehart and Capehart-Panamuses between 1940 and 1942; that there was no other such authorized dealer in Bronxville, and that plaintiff accepted the benefits of this situation while it existed without objection or protest.

Plaintiff furnished the defendants with a bill of particulars pursuant to an order of the court and had extensive examinations of the defendants before trial. He then determined to amend his complaint. The application was unopposed. The order entered thereon provided:

"That this case shall retain its present position upon the Jury Trial Calendar of this Court."

After the service of said order and before its time to answer the amended complaint had expired, the corporate defendant filed a petition to remove the action to this court, together with the required bond, and an order of removal was thereupon entered.

The amended complaint set up three causes of action:

1. Against the corporate defendant and the individual defendant Brodbeck;

2. A cause of action against the defendant Brodbeck only;

3. A cause of action against the non-resident corporate defendant only.

■ Plaintiff apparently assumes that since the defendants consented that the motion for leave to amend the complaint be granted, it necessarily implied a waiver of the right of removal. The motion for leave to amend was granted by default and the order thereon entered was not consented to.

■ A defendant's petition for removal is filed in time if it be filed as soon as the cause assumes a removable form. Powers v. Chesapeake & Ohio Railway Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673.

■ The first cause of action is in tort for conspiracy and violation of two State statutes; the second cause of action, predicated upon illegal acts of the defendant Brodbeck inducing the corporate defendant to breach its contract with plaintiff, is also in tort, and the third cause of action is for breach of contract.

Plaintiff contends that the same parties named in the first and second causes of action are essential to the hearing and determination of the third cause of action. But, as to that cause of action they are not party defendants.

In Moore's Federal Practice, Vol. 3, p. 3505, it is said:

"The distinction between separate and merely separable controversies has been criticized as illusive and of doubtful validity." Citing 41 Harv.L.Rev. 1048.

The third cause of action is clearly a separate and distinct cause of action and this court has jurisdiction thereof by reason of the diversity of citizenship.

But the court clearly does not and cannot have jurisdiction over the second cause of action, although likewise a separate and distinct cause of action because of the lack of diversity of citizenship, and at the trial the dismissal of that cause of action would necessarily follow.

It would be a senseless operation to prevent the hearing and determination of this cause of action in the meantime. So, too, with respect to the first cause of action, which is not a separable controversy.

Therefore, the motion to remand will be granted as to the first and second causes of action and denied as to the third. Settle order on notice.

### Supplemental Opinion

In promulgating the Federal Rules of Civil Procedure, Title 28 U.S.C.A. which became effective Sept. 16, 1938, it was intended that they "be construed to secure the just, speedy, and inexpensive determination of every action" (Rule 1) and they would be if members of the bar who practice in this Court were more understanding and cooperative. Instead, counsel too frequently assume the procedure to be what they would like it to be.

■ In a proposed order disposing of a motion to remand two of the three causes of action removed from the New York State Supreme Court, Westchester county, the plaintiff provides for a jury trial of the third cause of action over which this Court retained jurisdiction. "As to this right" says plaintiff's counsel, "there can be no doubt because the case was on the jury calendar in the Supreme Court and the mere removal did not operate to destroy a vested right." The third cause of action was never on the jury calendar of the State Court. A single cause of action was at issue and on the jury calendar when plaintiff moved to amend to set up three causes of action (1) against the non-resident corporation (Delaware) and resident individual defendant; (2) against the resident individual defendant alone, and (3) against the non-resident corporate defendant only. The plaintiff asked that the case retain its place on the jury calendar. The defendants did not oppose. But defendants immediately petitioned for removal which was allowed as a matter of course. The State Court lost jurisdiction pending decision by this Court on motion to remand and the State Court never re-acquired jurisdiction over the third cause of action. How, then, could the State Court procedure be applicable?

Issue was timely joined and "not later than 10 days" thereafter the plaintiff failed to serve and file a demand for a jury trial.

"While it is not the duty of the Court to relieve a party of his errors, it was not the purpose of the Rules of Civil Procedure to make procedure the master of substantial rights." Campbell v. American Fabrics Co., D.C., 1 F.R.D. 502.

■ The Court has power to grant relief upon a proper showing, Rule 38, Rule 39 (b); See also Rule 6(b). Plaintiff must establish his failure to serve timely notice is excusable. The demand for a jury trial in the State Court, while having no legal effect, may be taken as some evidence plaintiff did not intend to waive a jury.

Therefore, I shall strike out the last provision of the order without prejudice to an independent application on proper papers.