GALLAGHER v. DELAWARE &
H. R. CORP. et al.
Civ. A. No. 4284.

United States District Court
M. D. Pennsylvania.
Oct. 6, 1953.

**2**

Stephen E. Gombar, Scranton, Pa., for plaintiff.

Keene Mitchell, Wilkes-Barre, Pa., J. Charles Hanahue, James W. Scanlon, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This action is before the Court on motion of the plaintiff for an order directing a trial by a jury of the issues raised by the pleadings.

The action was commenced in the Court of Common Pleas of Lackawanna County, Pennsylvania, to recover damages for injuries suffered by the plaintiff as the result of a fall on the sidewalk in front of premises allegedly owned or occupied by the various defendants. On petition of the defendants, the action was removed to this Court by order entered March 31, 1952. Answers to the plaintiff's complaint filed immediately after order of removal include cross-claims against the defendant, Morris White Fashions, Inc., and place in issue all the facts pertinent to recovery by the plaintiff.

Since trial by jury in actions at law is the rule in Pennsylvania, the plaintiff's complaint contained no demand for jury trial. After removal of the action to this Court, the plaintiff might have filed demand for jury trial under Rule of Civil Procedure 81(c), 28 U.S.C. within ten days after notice of removal. However, this was not done, and in due course the action appeared on the non-jury trial list. At the pre-trial conference, plaintiff orally requested trial by jury, taking the position that, since she was entitled to a jury trial without demand in the court in which the action was commenced, she is entitled thereto in this Court without the filing of a formal demand.

Plaintiff's motion does not allege that failure to serve a timely demand was the result of excusable neglect justifying an order under Rule 6(b) granting an extension of time, nor does she appeal to the discretionary powers of the Court to order a trial by jury under Rule 39(b). Hence, the issue is whether or not in the case of actions removed from the courts of a state, such as Pennsylvania, where actions at law are triable by jury as a matter of course, a formal demand for jury trial is mandatory, under the provisions of Rules of Civil Procedure 38 and 81(c) after the case is removed to the Federal Court.

The applicable provisions of Rule 38 are:

"(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

\* \* \* \*

"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5 (d) constitutes a waiver by him of trial

by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Rule 81(c) provides:

"*Removed Actions.* These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. * * * If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition."

■ The clear language of these rules clearly indicate that they are to be applied to removed actions and Rule 81 (c) provides specifically for just such a situation as is presented here. To create an exception in the case of actions removed from state courts where jury trial is allowed as a matter of course would seriously impair the smooth functioning of the Federal system and create doubt in the minds of the court officials as well as counsel as to the accuracy of the trial lists. The purpose of the Rules is to inform the Court and counsel well in advance of trial as to the trial method desired. This purpose would be thwarted if, in the case of removed actions, a party were permitted to assert his desire for trial by jury as late as the pre-trial conference, as was the case here. No definite rule would prevail. In the next case, the plaintiff might at the last minute disclaim a desire for trial by jury and invoke the Federal Rules to insist that jury trial had been waived by the failure of any party to the action to demand it. The necessities of the case do not require the creation of such confusion.

■ No case in which this precise question has been raised has come to my attention. However, there are decided cases in which it has been held that a demand for a jury trial properly asserted in the state court has no legal effect in the federal court to which a case has been removed and that a demand after removal is necessary. Ferris v. Farnsworth Television & Radio Corp., D.C. N.Y., 8 F.R.D. 489; Nelson v. American National Bank & Trust Co., D.C.Tenn., 9 F.R.D. 680. Although these decisions have been criticised on principle, Barron and Holtzoff, Federal Practice and Procedure, Vol. 1, 1952 Pocket Part, p. 75, they are in accord with the conclusion that the rule should be precise, and free of exceptions which tend to create confusion.

■■ Plaintiff is not without a remedy. Rule of Civil Procedure No. 6(b) permits the Court in its discretion to grant an extension upon motion where the failure to act was the result of excusable neglect, and Rule 39(b) grants the Court discretionary power upon motion to order a trial by jury even though timely demand has not been made. Ferris v. Farnsworth, supra; Schram v. Kolowich, D.C.Mich., 2 F.R.D. 343. The motion might be treated as though addressed to the discretionary powers of the court under these Rules. However, this is not feasible since the motion alleges no facts or circumstances on the basis of which the Court could determine whether plaintiff's default is the result of excusable neglect nor does it suggest the issues which would best be left to the decision of a jury. It would appear to be the better practice to permit plaintiff, if she so desires, to present a new motion in the light of this decision.