W. J. OHLINGER and Viola Ohlinger,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 2860.

United States District Court
D. Idaho, S. D.

Oct. 13, 1955.

Branch Bird and Cecil D. Hobdey, Gooding, Idaho, for plaintiffs.

Sherman F. Furey, Jr., U. S. Atty., for defendant.

TAYLOR, District Judge.

This cause is presently before the Court on defendant's motion to reconsider the order of the Honorable Chase A. Clark, Chief Judge of this Court, made and entered herein on August 8, 1955, granting a jury trial.

Said cause was originally tried before the Court, without a jury, on August 26, 1952, and thereafter on March 20, 1953, judgment was made and entered dismissing the action from which judgment plaintiffs appealed to the United States Court of Appeals for the Ninth Circuit. The opinion of the Court of Appeals was filed January 28, 1955, granting a new trial. On April 12, 1955, the defendant United States filed an amended answer and plaintiffs' demand and motion for a jury trial was made and filed herein on July 19, 1955.

At the time of the original trial of this action section 2402 of Title 28, U.S.C.A., provided as follows:

"Any action against the United States under section 1346 of this ti-

tle shall be tried by the court without a jury."

While the cause was pending in the Court of Appeals, section 2402 was amended, on July 30, 1954, to read:

"Any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a) (1) shall, at the request of either party to such action, be tried by the court with a jury."

The amended answer of the defendant United States was filed April 12, 1955, but plaintiffs' demand for jury trial was not made until July 19, 1955. Thus it is obvious that plaintiffs did not comply with the requirements of Rule 38(b), 28 U.S.C.A., which provides that any party may demand a jury trial as to any issue triable of right by a jury by serving a written demand therefor upon the other parties at any time after the commencement of the action, but not later than ten days after the service of the last pleading directed to such issue. Rules 6 (b) and 39(b), however, provide that a federal court may, upon motion, and in the exercise of its discretion, where the failure to make a timely demand for jury trial was due to excusable neglect, order a trial by a jury of any or all issues.

Plaintiffs' motion was made and based upon neglect of counsel and was supported by the affidavit of counsel setting forth the reasons and excuses therefor. The Honorable Chase A. Clark deeming said neglect excusable exercised his discretion and made the aforesaid order.

This Court, speaking through the late Honorable Charles C. Cavanah, in Krussman v. Omaha Woodmen Life Ins. Soc., D.C.Idaho, 2 F.R.D. 3, 4, held that "the bare oversight of counsel" was insufficient excuse to grant a jury trial after the ten-day period provided by Rule 38(b). Although the rule as announced there should be applied under ordinary circumstances, it is what might be termed a strict one, and not as liberal

as the rule applied by many other courts. Also, the case at bar is distinguishable from the Krussman case in that here plaintiffs' demand for a jury trial was based on circumstances "other than the bare oversight of counsel." At the time this case was originally tried counsel for plaintiffs knew that they were not entitled to a jury. It was reasonable for them to assume that the law would remain the same while the case was on appeal. It is doubtful that any lawyer, under the same or similar circumstances, would have discovered the change in the law any sooner than did plaintiffs' counsel, unless it would have been by mere chance. Counsel made their demand for a jury immediately upon discovering the change, and so it cannot be said they were dilatory after having knowledge of the amendment. Counsel for plaintiffs did not receive the pocket parts for the U.S.C.A. containing the amendment to section 2402 until January 17, 1955.

 While the rules were new, any reasonable excuse was accepted as the basis for extending the time after the expiration of the period specified in the rules. 1 Barron and Holtzoff, § 216; Anderson v. Yungkau, 6 Cir., 153 F.2d 685, affirmed 67 S.Ct. 428, 329 U.S. 482, 91 L.Ed. 436; Gallagher v. Delaware & H. R. Corp., D.C.Pa., 15 F.R.D. 1. If unfamiliarity with the new rules during the first few months after their enactment constituted excusable neglect, it would seem that unfamiliarity with an amended statute for the first few months after its enactment should likewise constitute excusable neglect. 2 Barron and Holtzoff, § 892; Albert v. R. P. Farnsworth & Co., 5 Cir., 176 F.2d 198; Container Co. v. Carpenter Container Corp., D.C.Del., 9 F.R.D. 261; Alberti v. Automobile Shippers, D.C.Ohio, 9 F.R. D. 323; Paper Stylists v. Fitchburg Paper Co., D.C.N.Y., 9 F.R.D. 4; Ferris v. Farnsworth Television & Radio Corp., D.C.N.Y., 8 F.R.D. 489; Wilson v. Kennedy, D.C.Pa., 75 F.Supp. 592; Previn v. Barell, D.C.N.Y., 14 F.R.D. 466. The request for a jury trial was made several weeks prior to the opening of the term of court, and there is no showing that the tardy request will inconvenience or prejudice the defendant. The delay of plaintiffs in making the demand for jury trial was due to excusable neglect, and the court's order in allowing a jury trial was a proper exercise of discretion. Rule 39(b). Further, as fraud is alleged as a defense the action is peculiarly one to be decided by a jury, and under the existing circumstances of this case a jury trial should be provided.

The defendant further urges that the amended section 2402 does not apply to the new trial of this case in that the amendment applies only to actions instituted from and after the effective date of said amendment, and that "to hold otherwise would be to give the amendment a retrospective effect not permitted by the clearly expressed law on this question."

 A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. 82 C.J.S., Statutes, § 412. Remedial or procedural statutes which do not create, enlarge, diminish, or destroy contractual or vested rights, but relate only to remedies or modes of procedure are not within the general rule against retrospective operation, and are generally held to operate retrospectively. 82 C.J.S., Statutes, § 417. A statute merely affecting the remedy may apply to, and operate on, causes of action which had accrued and were existing at the time of the enactment of the statute, as well as causes of action thereafter to accrue, and to all actions, whether commenced before or after its enactment. 82 C.J.S., Statutes, § 421; 11 Am.Jur., Constitutional Law, §§ 373 and 382.

 The amendment to section 2402 does not establish a new obligation or impair vested rights, but merely affects the remedy, and is such a law as may properly be applied to pending actions. The amendment relates to procedure only, and

is applicable to this action which was filed prior to the amendment. Whitney v. United States, 9 Cir., 8 F.2d 476; Hacker v. United States, 5 Cir., 16 F.2d 702; United States v. Salmon, 5 Cir., 42 F.2d 353; 55 A.L.R. 628; 147 A.L.R. 1228.

Therefore, it is ordered that defendant's motion to reconsider the granting of a jury trial be, and the same is hereby denied; that the order heretofore made and entered herein granting a jury trial is affirmed.