910 F.2d 585
 59 USLW 2109, 17 Fed.R.Serv.3d 24
 Cora MONDOR, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA, Respondent,
and
The VESSEL "HAI MONG"; Hyundai Merchant Marine Corporation;
Graham & James, Real Parties in Interest.
 No. 90-70254.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 27, 1990.
Decided August 3, 1990.
As Amended on Denial of Rehearing and
Rehearing En Banc Nov. 7, 1990.
 
 Petition for Writ of Mandamus.
 Before NELSON, REINHARDT and BEEZER, Circuit Judges.
 
 
 1
 Petitioner, the plaintiff in the wrongful death case below, originally filed her complaint in California state court. She included in the caption a jury demand that would have satisfied federal rules and procedures if filed in federal court. See Fed.R.Civ.P. 38. Before filing its response to the complaint, the defendant removed the action to the federal court. No further jury demand was made until the pretrial conference held months after all responsive pleadings had been filed. At that time, the district court held that petitioner had waived her right to a jury trial and set the case for a bench trial. Petitioner seeks a writ of mandamus directing the district court to conduct a jury trial.
 
 
 2
 While mandamus relief is extraordinary and is available only in very limited circumstances, the wrongful denial of a jury trial is an appropriate basis for such relief. See Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Myers v. U.S. District Court, 620 F.2d 741 (9th Cir.1980). Thus, the only question presented here is whether the district court erred in denying petitioner's request for a jury trial.
 
 
 3
 Fed.R.Civ.P. 81(c), relating to the removal of actions, provides that the federal rules govern an action once it is removed, and that repleading shall not be necessary unless the district court so orders. Rule 81(c) provides that Rule 38(b) applies to jury demands in removed actions where responsive pleadings have not been filed prior to removal. See Lewis v. Time, Inc., 710 F.2d 549, 556 (9th Cir.1983). The rule further provides that a new jury demand is not necessary when a pre-removal demand has been made that satisfies state law, or when state law does not require an affirmative demand.
 
 
 4
 The district court held that, because petitioner's jury demand did not satisfy California law, which requires an express demand at the time the case is set for trial, petitioner waived her right to a jury trial under Fed.R.Civ.P. 81(c) and 38(b) by not filing a new demand after removal.
 
 
 5
 Petitioner does not argue that her original jury demand satisfied state law, or that California does not require an affirmative demand. See Cal.Code of Civil Proc. Sec. 631. Rather, petitioner asserts that the jury demand contained in her complaint satisfied Rule 38(b) when it was filed in the district court upon removal.[1] Petitioner's argument is primarily based on the provision of Rule 81(c) that states that repleading shall not be necessary unless the district court so orders.[2] Petitioner asserts that her complaint, when removed to federal court, became a part of the federal court record, and that her jury demand was filed at that time in accordance with Rule 38(b).
 
 
 6
 We agree. Although this court is aware of no federal cases addressing the circumstances present here, the history and purpose of Rule 81(c) supports petitioner's incorporation theory. Prior to the 1963 amendments to the rule, there were no explicit exceptions to the requirement of filing a new jury demand in removed actions. Nevertheless, the majority of federal courts addressing the issue held that a new jury demand need not be filed after removal where one had been filed in state court because the previously filed demand became a part of the federal court record. See Talley v. American Bakeries Co., 15 F.R.D. 391 (E.D.Tenn.1954); Advisory Committee Notes to Fed.R.Civ.P. 81, 28 U.S.C.A. at page 32 (West 1970). The 1963 amendment was enacted to adopt the majority view. See Advisory Committee Notes, supra, at page 32.
 
 
 7
 In addition to the plain language of Rule 81(c), which states that repleading shall not be necessary, and the history of the rule, it is important to consider the purpose of the federal jury demand requirements, which is to notify counsel and the court as early as possible that a jury is sought. See Gallagher v. Delaware & H.R. Corp., 15 F.R.D. 1 (3rd Cir.1953). In this case, notice has been given to defendants' counsel since commencement of the action and to the district court upon removal.
 
 
 8
 Furthermore, there is a presumption against unintended waivers of the right to jury trial. See Pradier v. Elespuru, 641 F.2d 808, 811 (9th Cir.1981); Christenson v. Diversified Builders, Inc., 331 F.2d 992 (10th Cir.1964). In fact, the additional exception in Rule 81(c) for cases removed from states not requiring a jury demand was enacted in 1963 "[i]n order still further to avoid unintended waivers of jury trial ..." Advisory Committee Notes, supra, at page 32.
 
 
 9
 We therefore hold that, where a pre-removal jury demand would satisfy federal but not state requirements, that demand is incorporated into the federal record upon removal, and is deemed to satisfy Rule 38(b).
 
 
 10
 Accordingly, the petition for writ of mandamus is granted. The district court is ordered to vacate its orders denying petitioner's requests for a jury trial, and to set the case for trial by jury.
 
 
 
 [1]
 Rule 38(b) requires a jury demand to be served after the commencement of an action and no later than 10 days after service of the last responsive pleading. The rule permits such demand to be indorsed upon a pleading, such as the complaint. The jury demand contained in petitioner's complaint complies with the form requirements of the rule and with Local Rule 3 of the Central District. Defendant contends that, even if the jury demand was incorporated into the federal record upon removal, it was not served within the period prescribed by Rule 38(b), i.e., after the commencement of the federal action. We disagree. The Rule requires only that the demand be served after the commencement of an action, which was here commenced in state court. Thus, petitioner has technically complied with the rule. In any event, we would not read the procedural service requirement in a manner that would deny the substantive rights of the petitioner when the demand was served on counsel before removal, and defendant was the party to bring the complaint and its jury demand to federal court. See Campbell v. American Fabrics Co., 1 F.R.D. 502 (S.D.N.Y.1940) (it was not the purpose of Rule 38 to make procedure the master of substantive rights). Rule 38 expressly permits the plaintiff to indorse its jury demand upon a pleading, which is what petitioner has done
 
 
 [2]
 Defendant/real party in interest argues, inter alia, that the district court has ordered repleading in that Local Rule 3.4.10.2 requires a new jury demand in all removal cases. That rule provides that, "in all cases removed to [federal] court, the demand for jury trial must be filed within" a prescribed time period (emphasis added). We construe this rule to mean that, if a new jury demand is required by Rule 81(c) or 38(b), the demand must be filed by a certain time. To the extent that it can be read more broadly, it would directly conflict with Rule 81(c), which expressly provides that new jury demands are unnecessary in certain circumstances. The general provision that repleading is not necessary unless the court orders was not intended to override the specific exceptions contained in the same rule