FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: TSAY JBR LLC,

_____

TSAY JBR LLC,

   *Petitioner*,

 v.

UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA,

   *Respondent*,

THERESA BROOKE, a married
woman dealing with her sole and
separate claim,

   *Real Party in Interest*.

No. 24-5234

D.C. No.
2:23-cv-07378-
DMG-AJR

OPINION

Petition for a Writ of Mandamus

Argued and Submitted February 7, 2025
Phoenix, Arizona

Filed May 13, 2025

Before: Michael Daly Hawkins, Richard R. Clifton, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[*]

### Right to Trial by Jury / Mandamus

The panel granted a petition for a writ of mandamus and directed the district court to set for jury trial an action for statutory damages under § 52(a) of California's Unruh Civil Rights Act.

Theresa Brooke alleged that architectural barriers deterred her from entering a hotel. She sued the hotel's owner, Tsay JBR, LLC, under Title III of the Americans with Disabilities Act and the Unruh Act. On summary judgment, the district court concluded that Tsay JBR had violated the Americans with Disabilities Act. Because Brooke established an ADA violation, she also necessarily established an Unruh Act violation. As to statutory damages under the Unruh Act, there remained a factual issue whether Brooke personally encountered the violation or was deterred by it. The district court scheduled a bench trial, concluding that the Seventh Amendment right to a trial by jury does not attach to claims for statutory damages under the Unruh Act.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that so long as a case involves a legal claim, the right to a jury trial attaches, even if the case also seeks equitable relief. The panel determined that Brooke's claim was legal because, compared to 18th-century actions brought in the courts of England, it resembled a legal action under English public accommodations law. In addition, the remedy Brooke sought was legal in nature because an award of statutory damages under the Unruh Act is a penalty that advances punitive and deterrent purposes. Because both the historical analog and the nature of the remedy revealed that Brooke's claim was legal, the panel held that the Seventh Amendment entitles parties in federal court to a jury trial on a claim for statutory damages under § 52(a) of the Unruh Act.

**COUNSEL**

James S. Link, Law Office of James S. Link, Pasadena, California, for Petitioner.

Peter K. Strojnik, Law Offices of Peter Strojnik, Phoenix, Arizona, for Real Party in Interest.

## OPINION

CLIFTON, Circuit Judge:

The Seventh Amendment to the United States Constitution provides that in "[s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  In this case we consider whether a defendant in an action for statutory damages under section 52(a) of California's Unruh Civil Rights Act is entitled to a jury trial.  We answer that question in the affirmative, grant the petition for a writ of mandamus, and direct the district court to set the matter for jury trial.

## I.  Background

Plaintiff Theresa Brooke is a woman with disabilities who uses a wheelchair.  Along with her husband, she frequents California hotels to test their compliance with disability access laws.  On one such testing trip in August 2023, Brooke and her husband visited the Ramada by Wyndham Burbank Airport, a hotel in Burbank, California.  When they arrived, however, architectural barriers allegedly deterred Brooke from entering.

Brooke sued the hotel's owner, Defendant Tsay JBR, LLC, asserting violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* (West 2025).  The ADA authorizes people with disabilities who are denied "full and equal enjoyment" of "place[s] of public accommodation" to sue for injunctive relief.  42 U.S.C. §§ 12182(a), 12188(a).  The Unruh Act similarly creates a private right of action for people with disabilities, along with other enumerated groups, who are

denied "full and equal" access to California businesses. *See* Cal. Civ. Code § 51(b). As part of those protections, the Unruh Act provides that any violation of the ADA is also a violation of its provisions. *See id.* § 51(f). Although private parties can obtain only injunctive relief under the ADA, they can recover actual and statutory damages under the Unruh Act. *Id.* § 52(a); *see Arroyo v. Rosas*, 19 F.4th 1202, 1206 (9th Cir. 2021) (explaining that the Unruh Act effectively creates a state-law "damages remedy that is not available under the ADA").

Accordingly, Brooke sought injunctive relief under the ADA, statutory damages under the Unruh Act, and declaratory relief and attorney's fees under both.

The district court granted in part and denied in part a motion for summary judgment brought by Brooke. The court concluded that Tsay JBR had violated the ADA because the hotel's passenger loading zone—an area for vehicle pickup and drop-off—lacked an access aisle for disabled guests.[1] As a remedy, the court ordered Tsay JBR to paint a blue access aisle in front of the loading zone. *See* 42 U.S.C. § 12188(a)(2) ("[I]njunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . .").

Because Brooke established an ADA violation, she also necessarily established an Unruh Act violation. *See* Cal. Civ. Code § 51(f). But not all Unruh Act violations automatically entitle a plaintiff to statutory damages. When

---

[1] The district court held that Brooke's request for injunctive relief to correct the absence of an access aisle for the hotel's valet stand, another alleged ADA violation, was moot because the hotel had only offered the valet service for two days and had no plans to restart it.

a violation is construction-related, the Unruh Act only permits statutory damages if the plaintiff personally encountered the violation or was deterred by it.   *Id.* § 55.56(a)–(b).   The district court determined that Brooke had not established that fact on summary judgment.

With only that factual issue left, the court converted the scheduled jury trial to a bench trial, concluding that the jury-trial right did not attach to claims for statutory damages under section 52(a) of the Unruh Act.   Tsay JBR petitioned this court for a writ of mandamus, asking us to direct the district court to conduct a jury trial on the issue of Brooke's entitlement to statutory damages.

## II.  Discussion

The "wrongful denial of a jury trial is an appropriate basis for [mandamus] relief."   *Mondor v. U.S. Dist. Ct.*, 910 F.2d 585, 586 (9th Cir. 1990).   We therefore "grant mandamus where necessary to protect the constitutional right to trial by jury."   *County of Orange v. U.S. Dist. Ct.* (*In re County of Orange*), 784 F.3d 520, 526 (9th Cir. 2015) (quoting *Tushner v. U.S. Dist. Ct.*, 829 F.2d 853, 855 (9th Cir. 1987)).

As noted at the outset, the Seventh Amendment guarantees "the right of trial by jury" in "[s]uits at common law."   U.S. Const. amend. VII.   "The Seventh Amendment extends to a particular statutory claim if the claim is 'legal in nature.'"   *SEC v. Jarkesy*, 603 U.S. 109, 122 (2024) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989)); *see also Teutscher v. Woodson*, 835 F.3d 936, 942–43 (9th Cir. 2016).   So long as a case involves a legal claim, the right to a jury trial attaches, even if the case also seeks equitable relief.   *See Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) ("The [jury-trial] right cannot be abridged by characterizing

the legal claim as 'incidental' to the equitable relief sought."); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 n.8 (1962).

To determine whether a claim is legal or equitable, we conduct a two-step inquiry. We first consider the cause of action, comparing it to "18th-century actions brought in the courts of England." *Tull v. United States*, 481 U.S. 412, 417 (1987). Next, we "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417–18. Of these two steps, the remedy is "the 'more important' consideration." *Jarkesy*, 603 U.S. at 123 (quoting *Tull*, 481 U.S. at 421).

## A. Historical Analog

An Unruh Act claim resembles a legal action under English public accommodations law. In the 18th century, the English common law imposed on certain businesses a duty to serve all customers. *See* Joseph William Singer, *No Right to Exclude: Public Accommodations and Private Property*, 90 Nw. U. L. Rev. 1283, 1304–08 (1996) (tracing this duty through English case law from 1586 to 1835); *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 571 (1995) (discussing this English common-law principle). Businesses that violated this duty could have been held liable for damages in a court of law. *See* Singer, *supra*, at 1308–10; 3 William Blackstone, *Commentaries* *166.

Our historical analysis focuses on finding an analogous "18th-century action[] brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera*, 492 U.S. at 42 (quoting *Tull*, 481 U.S. at 417). We can confirm that our analog is the right one by looking to subsequent developments in the American legal

system.  *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 350–52 (1998) (considering American cases and statutes to bolster the historical analog); *Tull*, 481 U.S. at 418 (similarly considering American cases).  Here, such developments readily confirm our conclusion.  American courts in the 19th century, including courts in California, adopted the common-law duty to serve all customers.  *See, e.g.*, *Pearson v. Duane*, 71 U.S. 605, 615 (1866) ("Common carriers of passengers . . . are obliged to carry all persons who apply for passage . . . ."); *Turner v. N. Beach & Mission R.R. Co.*, 34 Cal. 594, 600 (1868) (remanding for a new jury trial where defendant was a "common carrier of passengers" with the "duty to receive the plaintiff as a passenger"); *Willis v. McMahan*, 26 P. 649, 649–50 (Cal. 1891) (affirming judgment and damages for a disabled plaintiff who was refused access to a hotel).  In 1897, this common-law principle was codified by the California legislature in the statutory predecessor of the Unruh Civil Rights Act.  *In re Cox*, 474 P.2d 992, 996 (Cal. 1970) (discussing 1897 Cal. Stats. 137).  When the statute was broadened in 1959, the modern Unruh Act was born.  *See id.* at 997–98; *Isbister v. Boys' Club of Santa Cruz, Inc.*, 707 P.2d 212, 215 (Cal. 1985).

With such a clear parallel between 18th-century English public accommodations law and the Unruh Act, the first part of the Seventh Amendment inquiry suggests that Brooke's claim is legal, supporting a right to jury trial.

B. *Nature of the Remedy*

The remedy is also legal in nature.  In addition to actual damages, section 52(a) authorizes statutory damages of at

least $4,000 and up to three times actual damages.[2]  Cal. Civ. Code § 52(a); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000).  Brooke here seeks a statutory award of $4,000.  If that award is "designed to punish or deter the wrongdoer" and not "solely to 'restore the status quo,'" it is legal in nature.  *Jarkesy*, 603 U.S. at 123 (quoting *Tull*, 481 U.S. at 422); *see also Tull*, 481 U.S. at 422 ("A civil penalty was a type of remedy at common law that could only be enforced in courts of law.").

The relief sought here is a penalty that advances punitive and deterrent purposes.  As the California Supreme Court has explained, section 52(a)'s statutory damages were designed to "punish intentional and morally offensive conduct."  *Harris v. Cap. Growth Invs. XIV*, 805 P.2d 873, 891 (Cal. 1991), *superseded by statute on other grounds as stated in Munson v. Del Taco, Inc.*, 208 P.3d 623 (Cal. 2009).  They have accordingly been described as "penalties," *Angelucci v. Century Supper Club*, 158 P.3d 718, 730 (Cal. 2007), as "punitive damages," *Dyna-Med, Inc. v. Fair Emp. & Hous. Com.*, 743 P.2d 1323, 1331 n.16 (Cal. 1987), and as an "exemplary award," *Harris*, 805 P.2d at 891.

---

[2] More specifically, the statute authorizes the recovery of "any amount that may be determined by a jury, or a court sitting without a jury," up to treble damages but not less than $4,000.  Cal. Civ. Code § 52(a).  Tsay JBR argues that the statute's reference to a jury creates a state law right to a jury trial.  The language that follows—"or a court sitting without a jury"—suggests that no such statutory right exists.  Regardless, the language of the state statute does not control here.  Because the *Erie* doctrine requires us to apply federal procedural law, and because the right to a jury trial is procedural, federal law controls.  *In re County of Orange*, 784 F.3d at 528; *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam).

The legislative record contains similar descriptions. When the Unruh Act was amended to incorporate violations of the ADA, a bill analysis noted that the amendment would "provid[e] persons injured by a violation of the ADA with the remedies provided by the Unruh Act[,] . . . including punitive damages." Sen. Comm. on Judiciary, *Disabled Persons: Conformity to Americans with Disabilities Act*, 1991–92 Reg. Sess., at 5 (Cal. 1992). Further, a 2001 bill analysis recommended that the minimum award be raised to $4,000 to increase its "deterrent effect." Kevin G. Baker, Cal. Assembly, *Concurrence in Senate Amendments: AB 587*, 2001–02 Reg. Sess., at 3 (Cal. 2001); *see also Munson*, 208 P.3d at 631 n.9 (explaining that the minimum penalty was raised "to increase deterrence against civil rights violations").

The statutory damages in section 52(a) of the Unruh Act are thus a legal remedy. Because both the historical analog and the nature of the remedy reveal that Brooke's claim is legal, we hold that the Seventh Amendment entitles parties in federal court to a jury trial on a claim for statutory damages under section 52(a) of the Unruh Act.

## III.  Conclusion

We grant Tsay JBR's petition for a writ of mandamus, and we direct the district court to set the case for a jury trial.

**PETITION GRANTED.**